■ AARON TINKLE, Respondent, v RAVENA DEVELOPMENT CORPORATION et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered November 3, 1976 in Albany County, which denied defendants' motion disqualifying plaintiff's attorney because of a conflict of interest. In the context of an action against the defendant corporation and its president, Robert K. Palmer, for an accounting of corporate finances and a restitution of allegedly misused corporate funds, it appears that plaintiff's attorney had represented the corporation in several real estate closings over a period of 14 years as well as drawing Palmer's will and representing him personally in several real estate transactions involving corporate entities not herein involved. Where it appears likely that an attorney gained confidences during his previous professional employment, he is disqualified from acting for another against his prior employer lest confidences be breached to the detriment of his former client as well as to the legal profession itself. Determinative of the application of this ethical maxim are considerations of the subject matter of the present representation to that of the former, as well as the passage of time between the two hirings. An examination of the scope and duties of plaintiff's attorney in representing defendant Palmer readily reveals a lack of any nexus between the subject matter of the previous confidential relationship to that of the present litigation. Attorney Biscone appeared for the defendant corporation at four real estate closings over a period in excess of a decade, but he did not incorporate the company or advise it in any fashion. Real estate transactions do not require any knowledge of the corporate client's business affairs. The fact that attorney Biscone drew defendant Palmer's will is highly significant and could, under circumstances not present here, cause his disqualification to act in this proceeding. An attorney-client relationship in work preparatory to the drafting of a testamentary instrument is highly confidential and any professional representation by such an attorney requiring the revelation and use of confidences so obtained is to be condemned. However, in this case attorney Biscone drafted Palmer's will in 1966, some 10 years prior to the present litigation, and any knowledge of Palmer's assets relative to the defendant corporation, e.g., his 50% ownership of the stock, was widely known prior to 1966 and is not denied in this litigation. Such knowledge, requisite to a testamentary disposition of the stock, could not have included how Palmer would manage the corporation, as its president, over the ensuing decade. Lastly, Palmer's contention that Biscone appeared for the corporation between 1970 and 1974 at meetings held between plaintiff and Palmer is refuted by the record. Attorney Biscone had represented the plaintiff for 25 years and had only represented the corporation in four minor real estate transactions. There is no reasonable basis for Palmer's belief that Biscone was appearing for the corporation at these meetings. Under these circumstances, there was no need for the disclosure by Biscone required in *Matter of Kelly* (23 NY2d 368). Order affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.