■ Colonie Hill, Ltd., Respondent, v James J. Duffy et al., Appellants. (Action No. 1.) James J. Duffy et al., Appellants, v Colonie Hill, Ltd., et al., Respondents. (Action No. 2.) — In actions, *inter alia,* to recover damages for breach of contract and fraud, the appeal is from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated November 24, 1980, which, *inter alia,* granted respondents' motion to disqualify appellants' attorney, and denied appellants' cross motion for summary judgment. Order modified, on the law, by deleting the second decretal paragraph and substituting therefor a provision granting appellants' cross motion to the extent of dismissing respondents' second and third counterclaims in Action No. 2 and otherwise denying the cross motion. As so modified, order affirmed, with $50 costs and disbursements to respondents. These actions arise out of appellants' sale of real estate to respondents in 1972. In November, 1972, appellants commenced an action against respondents (Action No. 2) alleging, *inter alia,* breach of contract. Respondents counterclaimed, asserting causes of action sounding in fraud and defamation, and demanding punitive damages. In April, 1973, respondent Colonie Hill, Ltd., a defendant in Action No. 2 commenced an action against appellants (Action No. 1) asserting causes of action for common-law fraud and for damages arising out of appellants' alleged breach of their agreement to indemnify respondent Colonie Hill for any mechanics' liens on the property. During the course of that real estate transaction, and the initial phases of these actions, respondents were represented by the law firm of Hynes and Diamond. Thereafter, the transaction became the focus of a Federal criminal action against, *inter alia,* respondent Andrew De Lillo. In January, 1978, shortly after Leslie Hynes of Hynes and Diamond was named an unindicted coconspirator in the criminal action, Hynes and his associate retained Joseph Hoey to represent them in their dealings with the government and defense counsel with respect to the criminal action. After respondent De Lillo waived the attorney-client privilege with respect to their testimony, Hynes and his associate testified on behalf of the government. De Lillo was ultimately acquitted of the charges. On May 1, 1978, Joseph Hoey became counsel to the law firm of Suozzi, English, Cianciulli & Peirez, P. C. (now Suozzi, English & Cianciulli, P. C.), the firm which has represented appellants in this and other matters since January 1, 1976. Mr. Hoey became a member of that firm on April 1, 1979. By notice of motion dated June 26, 1980, respondents moved to disqualify appellants' counsel, on the grounds that Mr. Hoey was privy to confidential information about respondents and about Hynes and his associate, whom respondents intended to call as witnesses at the trial of these actions. Appellants cross-moved, pursuant to CPLR 3211 and 3212, to dismiss respondents' action and counterclaims against them and for summary judgment. Special Term granted the motion to disqualify the appellants' law firm, and denied appellants' cross motion, without prejudice, on the ground that "[t]he Court could hardly grant summary judgment upon the motion papers of a firm which the Court has found should be disqualified." The standards of profes-

sional ethics mandate that an attorney guard against not only the fact, but also the appearance, of impropriety (see *People v Shinkle,* 51 NY2d 417, 421; *Cardinale v Golinello,* 43 NY2d 288, 294). However, "unfounded charges of impropriety" are not sufficient to justify disqualification, and facts must be demonstrated "which would make it reasonable to infer that [the attorney] gained some information about his former client of some value to his present client" (see *Silver Chrysler Plymouth v Chrysler Motors Corp.,* 370 F Supp 581, 589, affd 518 F2d 751). In this instance, Joseph Hoey, now a member of the law firm representing appellants, had represented respondents' former attorneys in a criminal proceeding which involved the same transaction that is the subject of the instant actions. Thus, Mr. Hoey was in a position to learn confidential information about respondents' role in the transaction, and respondents' strategy in the initial phases of these actions (see *Hull v Celanese Corp.,* 513 F2d 568). Although De Lillo waived the attorney-client privilege in the Federal criminal action, that waiver applied only to incidents divulged in that action, and not to all confidential communications between respondents and their former attorneys with respect to the real estate transaction and these lawsuits (see *Hamlin v Hamlin,* 224 App Div 168, 173; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4503.20). Further, respondents claim that they intend to call their former attorneys as witnesses at the trial of the instant actions; thus, the fact that Mr. Hoey had been in a position to learn confidential information about respondents' witnesses would give appellants an unfair advantage (see *Coffelt v Shell,* 577 F2d 30). Considering the totality of the circumstances, Special Term did not abuse its discretion when it granted respondents' motion to disqualify appellants' attorney on the basis of appearance of impropriety. With respect to appellants' cross motion pursuant to CPLR 3211 and 3212, respondents explicitly waived any impropriety, in the interest of judicial economy. Therefore, the cross motion should be decided on the merits (cf. *Greene v Greene,* 47 NY2d 447). During the course of the oral argument of the motion, respondents explicitly abandoned their counterclaim sounding in defamation and their counterclaim for punitive damages. Thus, those counterclaims should be dismissed. The key issue in these actions is whether respondents were induced by fraud to purchase the real estate in question from appellants. In the contract of sale, dated June 6, 1972, appellants warranted that $2,500,000 was the total amount of all their unpaid obligations to contractors and suppliers in connection with the making of improvements on the property, and agreed to "furnish a schedule of said sum itemizing the amount due to each contractor or supplier within thirty (30) days of the date of this agreement." According to respondent De Lillo, appellants did not furnish that schedule until October 27, 1972. The schedule revealed a total debt of $3,312,039. Appellants contend that De Lillo did not rely on their representation, but De Lillo disputes this contention. Therefore, there are issues of fact which preclude summary judgment. Further, we reject appellants' contention that respondents' claim for damages arising out of appellants' alleged breach of the agreement to indemnify respondent Colonie Hill for any mechanics' liens on the property should be dismissed, because appellants ultimately performed their obligations and another action for specific performance of that agreement was dismissed as moot. Respondents may still be entitled to damages arising out of an unreasonable delay in performance. Therefore, with respect to respondents' other claims, appellants' cross motion to dismiss should be denied. Mollen, P. J., Damiani, Lazer and Cohalan, JJ., concur.