■ PABLO LOPEZ et al., Appellants, v PRECISION PAPERS, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) — In a products liability, negligence and medical malpractice action, the appeal is from an order of the Supreme Court, Kings County (Hirsch, J.), dated May 5, 1983, which granted respondents' motion to disqualify plaintiffs' attorneys. Order reversed, on the law, with costs, and respondents' motion denied. Appellant Pablo Lopez was severely injured on June 13, 1975, when a large roll of paper fell from a wooden pallet on a fork lift machine he was operating and struck him on the head. An action sounding in products liability, medical malpractice and negligence was commenced in or about 1977 with the law firm of Lipsig, Sullivan and Liapakis, P. C., representing appellants. The Greater New York Mutual Insurance Company (GNY), which insured the respondents (who are certain of the defendants and the third-party defendant), was represented by the office of Harold M. Foster, Esq., its in-house counsel. Ronald Pomerance was the managing attorney of the Foster firm from July 1, 1972 until his resignation on February 28, 1982. On March 1, 1982, Pomerance became associated with the Lipsig firm. Thereafter, on July 29, 1982, the Foster firm was replaced as attorneys of record for respondents by the firm of Leonard A. Sheft and Associates. By notice of motion dated September 24, 1982, respondents moved to disqualify appellants' counsel on the ground that Pomerance was privy to confidential information about them. After a hearing and an *in camera* inspection of respondents' files in the matter, Special Term granted the motion and this appeal ensued. The motion papers and hearing record reveal that in the course of his employment with the Foster firm, Pomerance had contact with thousands of files and reviewed practically every piece of mail that came into the office. Some aspects of a particular case Pomerance would handle personally and others he would assign to other members of the legal department. Pomerance had no recollection of anything in the Lopez file nor could he recall having been involved in any conference with the GNY claims department or reinsurer relative to this matter. During his tenure with the Lipsig firm, Pomerance has never discussed anything related to the Lopez case with anyone in the Lipsig firm nor has he ever seen the file. The Lipsig firm was described as consisting of over 100 employees of whom approximately 40 were attorneys and as being highly departmentalized. Pomerance is in the general negligence unit while the instant case is assigned to the products liability unit. Disqualification of counsel in the matter before us would cause severe prejudice to appellants who presently reside in Puerto Rico and who, on the eve of trial, would have to secure new counsel. The instant action has been pending over six years and involves somewhat complex litigation. Hence, replacing counsel at this point would unnecessarily prolong an already protracted litigation. Balanced against appellants' interests in retaining counsel of their own personal choice is the respondents' right to be free of apprehension that its interests will be prejudiced in consequence of the prior association of Pomerance with their former counsel's firm (see *Cardinale v Golinello,* 43 NY2d 288, 295). An attorney must guard against not only the fact, but also the appearance of impropriety (e.g., *People v Shinkle,* 51 NY2d 417, 421; *Cardinale v Golinello, supra,* p 296; *Matter of Kelly,* 23 NY2d 368, 375-376). However, "when there is no claim that the trial will be tainted, appearance of impropriety is simply too slender a reed on which to rest a disqualification order" (*Board of Educ. v Nyquist,* 590 F2d 1241, 1247; see, also, *Silver Chrysler*

*Plymouth v Chrysler Motors Corp.,* 518 F2d 751). Considering the totality of circumstances, including the disassociation of Pomerance from the instant matter, the absence of demonstrable prejudice to respondents and respondents' unexplained delay in seeking disqualification of appellants' attorneys, we conclude that the exercise of discretion by Special Term to disqualify the Lipsig firm on the basis of an appearance of impropriety was unwarranted. It appears that the respondents sought this remedy merely as a tactic in the litigation process. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.