■ In the Matter of the Estate of SYLVIA M. MANN, Also Known as SYLVIA MARTIN, Deceased. ALANA M. FRUMKES, Appellant-Respondent; JANE M. GINSBURG, Respondent-Appellant. In the Matter of the Estate of SYLVIA M. MANN, Deceased. ALANA M. FRUMKES, Appellant-Respondent; JANE M. GINSBURG, Respondent-Appellant. — Order, Surrogate's Court, New York County (Roth, S.), entered March 12, 1985, denying the motion of respondent Alana M. Frumkes to disqualify respondent Jane Martin Ginsburg's present attorneys from representing her in these proceedings "upon condition that all discovery relating to the financial affairs of Alana M. Frumkes be forthwith discontinued, and that no evidence of those financial affairs be offered or adduced in these proceedings", unanimously reversed, on the law and the facts, without costs or disbursements, and the motion granted.

A disinherited daughter, Jane Martin Ginsburg, has brought these proceedings contesting the validity of her mother's will and seeking to set aside two trust instruments on the grounds of fraud, coercion and undue influence practiced upon the decedent by her sister, Alana M. Frumkes, and her brother and stepfather. Shortly after the proceedings were commenced, Alana's counsel wrote Jane's attorney informing him that his representation of Jane in these proceedings presented a conflict of interest detrimental to his client, Alana, since he had represented Alana in the past in matters involving her finances and her relationship with her mother. The suggestion that Jane's attorney recuse himself was rejected out of hand. Later, in the course of deposing Alana, when Jane's attorney inquired about Alana's finances, Alana's counsel directed her not to answer. Jane sought a ruling as to the propriety of this inquiry, asserting that it was intended to show Alana's motivation — her lack of funds — for coercing and unduly influencing her mother in the 1972 execution of both the will and the inter vivos trusts. Alana thereafter moved to disqualify Jane's attorney and his firm from representing Jane in these proceedings by virtue of his representation of Alana between 1966 and 1968 in a proceeding against her mother and two other proceedings. Although finding that a prior attorney-client relationship "of a substantial nature" had existed between Alana and Jane's present attorney, the court, in light of counsel's offer not to inquire about or offer proof of Alana's finances in evidence, denied the motion on the condition that all discovery relating to the financial affairs of Alana be discontinued and that no evidence of such affairs be offered in these proceedings. We reverse.

As the Surrogate noted, evidence of Alana's finances and needs may well be relevant on the issues of fraud and undue

influence. Alana has submitted an affidavit stating that she imparted confidences about her finances to Jane's attorney in the prior proceedings. Generally, disqualification is in order where there is a "reasonable probability of disclosure" of confidential information obtained in a prior representation. (*Greene v Greene*, 47 NY2d 447, 453.) Any doubts as to the sufficiency of the showing of an asserted conflict of interest are to be resolved in favor of disqualification. The very nature of the prior proceedings was such that it involved matters, such as Alana's financial condition and her relationship with her mother, which may be relevant in these proceedings. Alana should not be burdened with the concern that the confidences which she imparted to her former attorney will be the subject of inquiry in this litigation. The conditions imposed on counsel's continued representation do not provide the required certainty that Alana's confidences will not be misused. Accordingly, the motion to disqualify is granted. Concur — Sandler, J. P., Sullivan, Carro, Fein and Milonas, JJ.