■ Jo Ann A. Mondello, Respondent, v Rodney J. Mondello, Appellant.—In an action for divorce on the ground of cruel and inhuman treatment, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered April 3, 1985, as granted the plaintiff wife's motion to disqualify his attorney.

Order affirmed, insofar as appealed from, with costs.

By letter dated January 14, 1985, three days before the defendant was scheduled to appear for the court-ordered completion of his deposition, he informed the plaintiff that he would be retaining new counsel. The defendant thereafter failed to appear for the deposition, and the plaintiff brought the instant motion seeking various relief. The defendant retained his present counsel, Graham, Campaign & McCarthy, P. C., and Daniel A. McCarthy of that firm submitted papers in opposition to the plaintiff's motion. The plaintiff then moved for attorney McCarthy to be disqualified from representing the defendant, on the ground that he had earlier

represented both the parties during the marriage in the acquisition of several parcels of real estate, including the marital premises, that he had represented the parties individually in certain business transactions, and that he had represented the defendant in the transference, during the pendency of the divorce action, of a corporation alleged to be a marital asset, raising the possibility that he might be called as a witness in the instant action. The defendant admitted some of the allegations, denied others and was silent as to the claim that alleged marital property might have been disposed of. He now concedes that said property was disposed of.

The "disqualification of an attorney is a matter which rests within the sound discretion of the court and will not be overturned absent a showing of abuse * * * in a disqualification situation, any doubt is to be resolved in favor of disqualification" *(Schmidt v Magnetic Head Corp.,* 101 AD2d 268, 277). In the instant case, we find that Special Term did not abuse its discretion in granting the motion for disqualification, since it was necessary to avoid the appearance of impropriety, and it was reasonable to infer that in his past representation of the parties, the defendant's attorney may have obtained confidential information *(see, e.g., Greene v Greene,* 47 NY2d 447, 453; *Cardinale v Golinello,* 43 NY2d 288, 296; *Matter of Hof,* 102 AD2d 591; *Colonie Hill v Duffy,* 86 AD2d 645). In addition, the defendant's attorney may have information about an issue in the litigation, namely, the disposal of a marital asset, which makes him a potential witness *(see, e.g., Pulichino v Pulichino,* 108 AD2d 803, 804). In view of all of these circumstances, the plaintiff's motion was properly granted. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.