■ DAVID FISCHER et al., Appellants, v ZALMAN DEITSCH et al., Defendants and Third-Party Plaintiffs-Respondents. DAVID FISCHER et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.—In an action, *inter alia,* for a judgment declaring the respective interests of the parties in a corporation, the plaintiff and third-party defendant David Fischer, the plaintiff 760 Montgomery Street Corp., and the third-party defendant Shipur Hashchuna Management Corp. appeal from an order of the Supreme Court, Kings County (Held, J.), dated October 5, 1989, which denied their motion to disqualify counsel for the defendants third-party plaintiffs.

■ DAVID FISCHER et al., Appellants, v ZALMAN DEITSCH et al., Defendants and Third-Party Plaintiffs-Respondents. DAVID FISCHER et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.—In an action, *inter alia,* for a judgment declaring the respective interests of the parties in a corporation and for injunctive relief, the plaintiff and third-party defendant David Fischer, the plaintiff 760 Montgomery

Street Corp., and the third-party defendant Shipur Hashchuna Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated August 15, 1989, as (1) denied their cross motion to dismiss the counterclaims and the third-party action on the ground that they are time barred and to strike the defendants third-party plaintiffs' affirmative defenses pursuant to CPLR 3211 (b), and (2) granted that branch of the cross motion of the defendants third-party plaintiffs which was for a preliminary injunction enjoining the plaintiff David Fischer from transferring, conveying, or mortgaging the property located at 760 Montgomery Street.

Ordered that the order is modified, on the law, (1) by deleting so much of the second decretal paragraph thereof as granted that branch of the cross motion of the defendants third-party plaintiffs which was for a preliminary injunction and substituting therefor a provision denying that branch of the motion, and (2) by deleting from the fourth decretal paragraph thereof the provision which denied that branch of the appellants' cross motion which was to strike the defenses of the defendants third-party plaintiffs and substituting therefor a provision granting that branch of the cross motion which was to strike the affirmative defense of lack of a "justiciable controversy" and otherwise denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff David Fischer (hereinafter Fischer) organized the 760 Montgomery Street Corp. (hereinafter the Corporation) in 1974 for the purpose of purchasing the real property located at that address. Fischer alleges that he bought the defendants third-party plaintiffs' shares in the Corporation in 1981 and 1982 and advised them that they were to return their stock certificates to him. The defendants third-party plaintiffs assert that their investments in the Corporation were not returned and that investments they made in other entities controlled by Fischer were used by third-party defendant Shipur Hashchuna Realty Corp. (hereinafter Hashchuna) to pay expenses of the Corporation. On appeal, the appellants argue that the court erred by granting the defendants third-party plaintiffs a preliminary injunction which precluded Fischer from transferring, conveying, or mortgaging the Corporation's property and by denying that branch of their cross motion which was to dismiss the claims, counterclaims, and affirmative defenses of the defendants third-party plaintiffs.

The court erred in granting the defendants third-party

plaintiffs' cross motion to enjoin Fischer from acting on behalf of the Corporation. The purpose of a preliminary injunction is to preserve the status quo pending trial. However, the granting of a preliminary injunction is a drastic remedy which should be used sparingly. On a motion for a preliminary injunction, the applicant must prove a likelihood of ultimate success on the merits, irreparable injury absent the granting of the preliminary injunction, and that the equities are balanced in his or her favor (see, McLaughlin, Piven, Vogel v Nolan & Co., 114 AD2d 165, 172).

It is uncontested that the counterclaims set forth causes of action. However, the claim of the defendants third-party plaintiffs that they would suffer irreparable harm if the preliminary injunction were not granted is without merit (see, McLaughlin, Piven, Vogel v Nolan & Co., supra, at 172; see also, Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Irreparable injury, for purposes of equity, has been held to mean any injury for which money damages are insufficient" (McLaughlin, Piven, Vogel v Nolan & Co., supra, at 174). Since the interests of the defendants third-party plaintiffs in the Corporation and the value thereof can be fixed at trial, damages would be sufficient to compensate them (see, After Six v 201 E. 66th St. Assocs., 87 AD2d 153). Additionally, the equities do not warrant granting the defendants third-party plaintiffs a preliminary injunction since it has not been demonstrated that the harm which they would suffer from the denial of the motion is decidedly greater than the harm their opponent would suffer if the preliminary injunction were granted (see, Buffalo Forge Co. v AMPCO-Pittsburgh Corp., 638 F2d 568, 569).

The court did not err in denying that branch of the appellants' cross motion which was to dismiss the counterclaims and third-party complaint as time barred. Since there is a discrepancy as to when, if at all, the defendants third-party plaintiffs learned that Fischer was asserting ownership of the entire Corporation, the determination of the timeliness of the counterclaims and third-party claims must await trial (see, Bernstein v La Rue, 120 AD2d 476, 477).

It is evident that a controversy exists since the defendants third-party plaintiffs assert that they own a part of the Corporation while Fischer maintains that they do not. Therefore, the court erred in failing to dismiss the affirmative defense of lack of a justiciable controversy.

However, the court properly declined to dismiss the affirmative defense of fraud. Intent is a key element in fraud and is

so subjective as almost invariably to require a trial (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:36, at 40). Since the defendants third-party plaintiffs urge that they did not assert their rights in the Corporation sooner because of Fischer's promises that corporate profits were forthcoming, the validity of the allegations of fraud must be tested at a trial.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.