■ David Fischer et al., Appellants, v Zalman Deitsch et al., Defendants and Third-Party Plaintiffs-Respondents. David Fischer et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.—In an action, *inter alia,* for a judgment declaring the respective interests of the parties in a corporation, the plaintiff and third-party defendant David Fischer, the plaintiff 760 Montgomery Street Corp., and the third-party defendant Shipur Hashchuna Management Corp. appeal from an order of the Supreme Court, Kings County (Held, J.), dated October 5, 1989, which denied their motion to disqualify counsel for the defendants third-party plaintiffs.

Ordered that the order is affirmed, with costs.

The facts underlying this appeal are set forth in the companion case *(Fischer v Deitsch,* 168 AD2d 599 [decided herewith]). Pertinent to this appeal, however, the appellants assert that the law firm representing the defendants third-party plaintiffs must be disqualified because the appellant David Fischer had, on several occasions during the years 1983-1986, conferred with one of the attorneys of that firm on matters relevant to this litigation. We disagree.

The disqualification of an attorney is a matter which rests within the sound discretion of the court *(see, Mondello v Mondello,* 118 AD2d 549, 550). Upon our review of the instant record, we are satisfied that the matters which the appellant David Fischer disclosed to the defendants third-party plaintiffs' attorneys were unrelated to the instant action, and were disclosed outside the scope of any attorney-client relation. Accordingly, those attorneys' participation in the instant action does not give rise to any appearance of impropriety or any conflict of interest *(see, Matter of Hof,* 102 AD2d 591). Indeed, David Fischer conceded that he did not disclose any information regarding any of the properties which are the subject matter of the instant action. Since David Fischer discussed only matters "separate and apart from the case at bar" *(FSB Props. v Chait,* 101 AD2d 848, 849), disqualification is not mandated. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.