◼ MOHAMMAD A. MALIK, Appellant, v RICHARD HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent.—In an action to enjoin the defendant from holding hearings to determine whether the plaintiff harassed tenants in an apartment building which he owns, the plaintiff appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated November 9, 1989, which denied his motion for a preliminary injunction and dismissed the action.

Ordered that the order is affirmed, with costs.

The plaintiff owns an apartment building at 84-11 Elmhurst Avenue, Elmhurst, and the Angelique Apartments at 133-24 Sanford Avenue, Flushing. On September 2, 1988, the plaintiff received a Notice of Hearing from the New York City Division of Housing and Community Renewal (hereinafter the DHCR) regarding numerous complaints of violations with regard to the maintenance of the apartment building at 84-11 Elmhurst Avenue and the treatment of its tenants. Settlement negotiations began between the plaintiff and the DHCR. However, they proved unsuccessful.

In May 1989, a legislator, whose district encompassed the Angelique Apartments, became involved with the tenants of that building, who had also filed a complaint against the plaintiff regarding the maintenance and condition of their building. The legislator demonstrated with the tenants against the plaintiff in front of the Angelique, and sought action from State and Federal agencies, including the DHCR, to help resolve the dispute.

The plaintiff claims that at the final settlement conference regarding 84-11 Elmhurst Avenue, the DHCR requested, as a result of "political pressure", that he restore possession to certain tenants who had been lawfully evicted from the Angelique Apartments. The plaintiff refused. After termination of settlement efforts, the plaintiff sought to enjoin the DHCR from holding the hearings, and claimed that as a result of political influence and the fact that DHCR appoints both the Administrative Law Judge and the prosecuting attorney, he would be denied a fair hearing. The court denied the plaintiff's motion for a preliminary injunction and dismissed the action.

Upon our review of the record, we conclude that the Supreme Court properly denied the motion for a preliminary

injunction, and did not err in dismissing the action for injunctive relief *(see, Fischer v Deitsch,* 168 AD2d 599; *McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 172). The plaintiff has clearly failed to establish his likelihood of success on the merits, irreparable injury absent the granting of the preliminary injunction, and that the equities are balanced in his favor *(see, Fischer v Deitsch, supra; McLaughlin, Piven, Vogel v Nolan & Co., supra).* Most notably, since the plaintiff has an adequate remedy at law in a CPLR article 78 proceeding to review the determination of DHCR, he has failed to establish the need for either preliminary or permanent injunctive relief *(see, Kurzban & Son v Board of Educ.,* 129 AD2d 756, 757).

That DHCR appoints both the Administrative Law Judge and the prosecuting attorney does not deprive the plaintiff of due process of law *(see, Matter of Felin Assocs. v Altman,* 41 AD2d 825, *affd* 34 NY2d 895). Brown, J. P., Sullivan, Lawrence and Ritter, JJ., concur.