■ ROBERT A. PEREZ, Respondent and Counterclaim Defendant-Respondent, v COMPUTER DIRECTIONS GROUP, INC., et al., Appellants. ADVANTAGE DIRECT MARKETING GROUP, INC., Counterclaim Defendant-Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered July 25, 1991, which, *inter alia,* denied defendant Computer Directions Group, Inc.'s motion for a temporary and preliminary injunction and for expedited discovery, and granted plaintiff's and counterclaim defendant Advantage Direct Marketing Group, Inc.'s cross-motion for summary judgment dismissing defendant's counterclaims, unanimously modified on the law, to the extent of denying the cross-motion for summary judgment, and otherwise affirmed, without costs.

Plaintiff, a former senior vice president of Names Unlimited, a division of defendant Computer Directions, was employed pursuant to a written agreement which provided that plaintiff would not solicit or offer services to any of the existing accounts of customers he had serviced within the six month period preceding termination, for a period of one year following his termination. Plaintiff eventually left Names Unlimited to form his own company; counterclaim defendant Advantage. It is alleged that plaintiff has violated the restrictive covenant of his employment agreement by servicing defendant Computer Directions' former customers through Advantage.

The court committed no abuse of discretion in denying defendant a preliminary injunction against plaintiff and counterclaim defendant Advantage. Assuming that defendant established the right to enforcement of the restrictive covenant sufficient to defeat a motion for summary judgment *(Mallory Factor v Schwartz,* 146 AD2d 465), there still remain issues of fact as to whether plaintiff has engaged in such solicitations, thus rendering unclear defendant's likelihood of ultimate success on the merits. *(Grant Co. v Srogi,* 52 NY2d 496). In any event, even if defendant were to prevail on the merits, we believe it has an adequate remedy at law so as to render injunctive relief unnecessary. *(Supra.)* We have considered defendant's remaining arguments and conclude that plaintiff's claim of breach of the employment contract for benefits not

paid is best determined at a hearing assessing damages and that the parties be permitted to chart their own course with respect to discovery. Concur—Carro, J. P., Wallach, Ross, Smith and Rubin, JJ.