■ ROBERT JUERGENS, Appellant, v ALLEN SCHANMAN, Respondent.—In an action to recover damages for breach of contract and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 15, 1990, which denied his motion to disqualify Sheldon May and the firm of Goldstein, May & Schonfeld as counsel for the defendant.

Ordered that the order is affirmed, with costs.

The plaintiff by this action seeks to recover damages representing, among other things, the value of a percentage of the shares of stock in a corporation which were owned by the defendant until 1990. The plaintiff claims that in 1989 the defendant agreed to convey the stock to him in exchange for his remaining in the corporation's employ. Immediately after the commencement of this action, the plaintiff made application for disqualification of the law firm representing the defendant. He premised his application on the fact that one of the members of the firm, Sheldon May, to whom the plaintiff had been introduced by the defendant, had in early 1986 drafted wills for the plaintiff and for the plaintiff's wife. The plaintiff also pointed to the fact that May, at the plaintiff's request, handled the 1989 sale of the plaintiff's mother's home.

We agree with the Supreme Court that the plaintiff's prior

relationships with May do not require that May and his firm be disqualified as the defendant's counsel. Even though the plaintiff acted for his mother as her attorney-in-fact, while May acted as attorney at law, in the sale of her home, it is not reasonable to infer that May thereby gained some confidential information about the plaintiff which would be of value to the defendant in this litigation (see, Tinkle v Ravena Dev. Corp., 60 AD2d 697; see also, Fischer v Deitsch, 168 AD2d 599; cf., Matter of Hof, 102 AD2d 591). Moreover, while the work preparatory to the drafting of a will is "highly confidential" (see, Tinkle v Ravena Dev. Corp., supra), May did not participate on anyone's behalf in any negotiations between plaintiff and defendant, and there is no apparent relationship between the subject matter of this litigation and the subject matter of the plaintiff's confidential relationship with May (see, Tinkle v Ravena Dev. Corp., supra).

A motion to disqualify another party's attorney is addressed to the sound discretion of the trial court (see, Mondello v Mondello, 118 AD2d 549, 550; see also, Fischer v Deitsch, supra). Since we are satisfied that the confidences the plaintiff imparted to the defendant's attorney in 1986 are unrelated to the present litigation (see also, Tinkle v Ravena Dev. Corp., supra), we decline to interfere with Supreme Court's exercise of discretion. Sullivan, J. P., Harwood, Rosenblatt and Copertino, JJ., concur.