■ CHRISTINE SEVERINO et al., Respondents, v JOHN DiIORIO et al., Appellants.—In an action to recover damages for medical malpractice, etc., the defendant Booth Memorial Medical Center and the defendants DiIorio, Immerman, Reiss, Moise and Lavy separately appeal from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated April 24, 1990, which denied their separate motions to disqualify the law firm of Kramer, Dillof, Tessel, Duffy & Moore as counsel for the plaintiffs.

Ordered that the order is reversed, on the facts and as a matter of discretion, without costs or disbursements, the motions are granted, the law firm of Kramer, Dillof, Tessel, Duffy & Moore is disqualified from representing the plaintiffs in this action, and no further proceedings shall be taken against the plaintiffs, without leave of court, until the expiration of 30 days after service upon them of a copy of this decision and

order, with notice of entry, which shall constitute notice to appoint another attorney under CPLR 321 (c).

This medical malpractice action stems from the medical services provided the infant plaintiff at the time of her birth. In 1988, when this action was commenced, and indeed at the time of the acts giving rise to it, Thomas J. Principe was a member of Ivone, Devine & Jensen, a law firm which had represented the defendant Booth Memorial Hospital (hereinafter Booth) in a number of medical malpractice actions and which was actually doing so at that time. Principe had joined Ivone, Devine & Jensen, a firm consisting of 10 lawyers, as an associate in 1986, becoming a partner in 1987. During the course of his tenure at that firm, Principe actively participated in litigation where the firm defended Booth against medical malpractice claims. In one such case, the alleged malpractice, like the malpractice alleged here, occurred in Booth's delivery room and the injuries allegedly sustained are remarkably similar. In the course of his representation of Booth in that case, Principe communicated directly with Booth, interviewed its employees, interviewed experts, conducted depositions on Booth's behalf, and appeared on Booth's behalf at conferences with the court. Moreover, Principe tried through to a verdict at least one medical malpractice case on Booth's behalf. Although it does not appear that Principe ever directly participated in the defense of the instant action, all members and employees of Ivone, Devine & Jensen had access to all case files.

In April 1989, approximately six months after the commencement of this action, Principe left Ivone, Devine & Jensen and became associated with Kramer, Dillof, Tessel, Duffy & Moore, the law firm that commenced this action on the plaintiffs' behalf. Within one month, Booth, joined by the defendant physicians, made application for removal of Kramer, Dillof, Tessel, Duffy & Moore as counsel for the plaintiffs on the grounds that Principe's new association with that firm enables it to use secrets and confidences of a former client on behalf of a present client and that it gives rise to the appearance of impropriety *(see,* Code of Professional Responsibility Canons 4, 9; *see also,* Code of Professional Responsibility Canons 5, 7). The plaintiffs opposed disqualification, urging that there is no substantial relationship between this action and the medical malpractice matters where Principe dealt directly with Booth, and that there is no evidence that Principe in fact acquired any specific pertinent confidential information *(see, Juergens v Schanman,* 182 AD2d 740). Accord-

ingly, the plaintiffs maintain that the Supreme Court properly exercised its discretion (see, Fischer v Deitsch, 168 AD2d 599) when it denied the motions for disqualification. However, we conclude that, on the facts of this case, disqualification is called for.

It is apparent from the nature of Principe's actual involvement with Booth (cf., Lopez v Precision Papers, 99 AD2d 507) and from the fact that Principe was a partner with the small firm of Ivone, Devine & Jensen, when it began the defense of this action on behalf of Booth, that there is a reasonable probability that Principe acquired confidential or strategically valuable information that may be of use to the plaintiffs here (see, Matter of Hof, 102 AD2d 591, 594; Colonie Hill v Duffy, 86 AD2d 645; see also, Matter of Fleet v Pulsar Constr. Corp., 143 AD2d 187). The firm of Kramer, Dillof, Tessel, Duffy & Moore is thus in the position of either compromising its zeal in order to avoid making use of information probably known to one of its present associates, or compromising the confidences of that associate's former client (see, Narel Apparel v American Utex Intl., 92 AD2d 913; see also, Matter of Mann, 111 AD2d 652). It is such conflicts which the Code of Professional Responsibility was designed to avoid.

We recognize the importance of the right to be represented by counsel of one's choosing (see, Schmidt v Magnetic Head Corp., 97 AD2d 151, 163-164; see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443). However, we are also mindful that any doubts about the existence of a conflict should be resolved in favor of disqualification so as to avoid the appearance of impropriety (see, Matter of Mann, supra; Schmidt v Magnetic Head Corp., supra, at 276-277). Under the particular circumstances of this case (cf., Lopez v Precision Papers, supra), including the lack of any indication that the defendants' prompt disqualification applications were made in bad faith or to gain an untoward tactical advantage (see, Lopez v Precision Papers, supra, at 508; see also, Poli v Gara, 117 AD2d 786), we conclude that it would be improper for Kramer, Dillof, Tessel, Duffy & Moore to continue to represent the plaintiffs in this litigation (see, Cardinale v Golinello, 43 NY2d 288, 295). Harwood, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.