[620 NYS2d 190]

FREDERICK CLIFF, Respondent, v R.R.S. INC. et al., Appellants.

Third Department, December 22, 1994

APPEARANCES OF COUNSEL

*Conboy, McKay, Bachman & Kendall,* Watertown *(Stephen W. Gebo* of counsel), for appellants.

*Schwerzmann & Wise, P. C.,* Watertown *(Richard J. Graham* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Plaintiff is a licensed optician and defendant Robert Saidel (hereinafter defendant) is a licensed optometrist. In July 1986, plaintiff opened a retail optical store in the Town of Potsdam, St. Lawrence County, under the name of Potsdam Optical. Later that year, plaintiff and defendant entered into a business arrangement whereby plaintiff provided defendant office space where defendant could examine his patients and defendant, in turn, referred his patients to plaintiff for eyeglasses and lenses. The record indicates that both plaintiff and defendant profited from this arrangement. Thereafter, in February 1990, plaintiff opened a similar retail store in the Town of Canton, St. Lawrence County, and plaintiff and defendant entered into a similar arrangement at that location.

In June 1992, defendant tendered a written offer to purchase plaintiff's Canton store for $93,000. The asset purchase agreement executed by the parties contained reciprocal restrictive covenants. Insofar as is relevant to this appeal, defendant and his corporation, defendant R.R.S. Inc. (hereinafter the corporation), agreed for a period of five years from the date of the agreement (July 22, 1992) to refrain from, *inter alia,* interfering with or engaging in any business which would compete with plaintiff with respect to "[t]he retail sale of eyeglasses, lenses and optical equipment" or lending their "skill, knowledge, name, reference or experience to be used in a manner which [would] compete with [plaintiff]".

Shortly after the sale was completed, the relationship between the parties apparently deteriorated and in January 1993, plaintiff informed defendant that he was terminating their prior working relationship. A few weeks later, defendant opened a new office in Potsdam under the name of Potsdam Eye Care. Although defendant initially limited his practice to eye examinations and the sale of contact lenses, it is undis-

puted that he eventually began to sell eyeglasses and lenses.* Plaintiff thereafter commenced this action seeking, *inter alia,* a preliminary injunction enjoining defendant and the corporation from engaging in retail activity in contravention of the covenant not to compete. Supreme Court granted the requested injunction and this appeal ensued.

It is well settled that a party seeking a preliminary injunction must demonstrate a likelihood of success on the merits, irreparable injury if the injunction is not granted and a balancing of the equities in his or her favor *(see, Van Deusen v McManus,* 202 AD2d 731, 732). For the reasons that follow, we are of the view that plaintiff failed to demonstrate his entitlement to a preliminary injunction and, as such, plaintiff's motion for such relief should have been denied.

We begin our analysis by noting that covenants not to compete generally arise in three situations. First, when the goodwill of an established business is sold, there is an implied covenant restricting the seller from soliciting his or her former customers after purporting to transfer their goodwill to the purchaser *(see, Mohawk Maintenance Co. v Kessler,* 52 NY2d 276, 284). Such a covenant is not limited in duration *(see, supra,* at 284). Alternatively, a contract for the sale of a business may contain an express covenant not to compete, which relates to the seller's duty to refrain from competing with the purchaser *(see, supra,* at 283). If an express covenant is present, it will be enforced if reasonable in geographic scope and duration *(see, supra,* at 283-284; *see also, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307). Finally, a restrictive covenant may surface in the context of an employment contract, in which case it will be enforced only to the extent that "it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee" *(Reed, Roberts Assocs. v Strauman, supra,* at 307). This, in turn, generally requires a showing that enforcement of the covenant is necessary to protect the employer's trade secrets or confidential customer lists *(see, supra,* at 308; *see also, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499).

It is apparent from a review of the record before us that the

---

* Plaintiff's brief on appeal indicates that defendant apparently has since closed the retail portion of the Potsdam Eye Care Facility and is limiting his practice to eye examinations.

covenant at issue here does not fall squarely into any of the aforementioned categories. That fact alone, however, does not mean that the covenant executed by the parties is unenforceable; indeed, absent a public policy violation, which we do not believe exists here, the parties were free to enter into any sort of arrangement they wished. The question remaining for our consideration is how best to characterize the covenant now before us.

In our view, the covenant executed by the parties most closely resembles the type of covenant that arises in an employment contract situation. In this regard we acknowledge, as plaintiff correctly points out, that the covenant here arose in the context of a sales transaction and was tied to the execution of the asset purchase agreement, not the date upon which defendant's employment terminated. Additionally, to the extent that defendant provided his own office equipment and manager, set his own hours and retained income from the eye examinations he performed, it is apparent that the traditional elements of an employer/employee relationship are lacking. In our view, however, both the interest plaintiff seeks to protect (the goodwill he retained in his Potsdam office) and the activity he seeks to enjoin (direct competition from defendant and his corporation in the sale of retail eye wear) are analogous to the activities and interests typically at stake in the employer/employee context. Inasmuch as plaintiff has made no showing that enforcement of the covenant is required to protect trade secrets or confidential customer lists *(see, Reed, Roberts Assocs. v Strauman, supra,* at 307-308), he has failed to demonstrate his likelihood of success on the merits and, as such, his request for a preliminary injunction should not have been granted.

Moreover, even accepting plaintiff's argument that the covenant at issue should be viewed in the context of the sale of the Canton office and, hence, judged solely by the standard of reasonableness *(see, Mohawk Maintenance Co. v Kessler, supra,* at 283-284), we are of the view that plaintiff has failed to satisfy the remaining two prongs of the preliminary injunction test. First, as to whether plaintiff has suffered irreparable harm, we note that although plaintiff has alleged both a loss of business and customer goodwill, he has also set forth a claim for money damages. In this regard, we note that one of the requirements for a preliminary injunction is that the movant has no adequate remedy at law *(see generally, Perez v Computer Directions Group,* 177 AD2d 359; *Malik v Higgins,*

173 AD2d 791). Additionally, we are not convinced that a balancing of the equities weighs in favor of plaintiff, particularly in view of his conduct immediately following the termination of his business relationship with defendant. For all these reasons, we are of the view that plaintiff's application for injunctive relief should have been denied. The parties' remaining arguments have been examined and found to be lacking in merit.

MIKOLL, J. P., MERCURE, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, without costs, and motion denied.