■ JOHN GIUFFRIDA, Respondent, v BEATRICE GIUFFRIDA, Appellant. [657 NYS2d 205] —In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered October 16, 1996, which granted the plaintiff's cross motion to disqualify the law firm of Butler, Fitzgerald & Potter as attorneys for the appellant.

Ordered that the order is affirmed, with costs.

The law firm representing the appellant in this action represented the appellant and the respondent in a personal injury action which was settled approximately five months before the commencement of this action. Although the respondent alleges that he discussed the possibility of matrimonial litigation with the law firm during the course of the personal injury action, the law firm denies having such a discussion. Upon the respondent's motion, the Supreme Court disqualified the law firm as attorneys for the appellant.

A party seeking disqualification must demonstrate the existence of a prior attorney-client relationship and that the former and current representation are both adverse and substantially related (*see*, *Solow v Grace & Co.*, 83 NY2d 303, 308; *Cardinale v Golinello*, 43 NY2d 288, 295-296). In light of the conflicting evidence as to the content of the respondent's conversations with the law firm, his former attorneys, it cannot be said that the Supreme Court improvidently exercised its discretion in resolving any doubt in favor of disqualification (*see*, *Mondello v Mondello*, 118 AD2d 549; *Schmidt v Magnetic Head Corp.*, 101 AD2d 268, 277). Miller, J. P., Copertino, Krausman and Florio, JJ., concur.