■ WILLIAM ROUSHIA, Respondent, v OLEN HARVEY et al., Appellants. [688 NYS2d 706] —Cardona, P. J. Appeals from an order and amended order of the Supreme Court (Dawson, J.), entered November 20, 1997 and November 21, 1997 in Clinton County, which, *inter alia*, granted plaintiff's motion for a preliminary injunction.

While working for defendant Harvey & Company, Inc. (hereinafter defendant), as an independent owner/truck driver, plaintiff purchased a 1996 Peterbilt tractor. Plaintiff put a $10,500 down payment on the tractor and defendant facilitated financing of the remainder of the purchase price, retaining legal title. Plaintiff made payments towards the indebtedness through deductions from wages paid by defendant for plaintiff's hauling services. After plaintiff ceased performing services for defendant, defendant repossessed the tractor. Plaintiff, in turn, commenced this action seeking, *inter alia*, return of the tractor. Thereafter, plaintiff made a motion for a preliminary injunction to, *inter alia*, restrain defendant and its president, defendant Olen Harvey, from selling or otherwise disposing of the tractor. Supreme Court granted the motion resulting in this appeal.

It is well settled that "in order to be entitled to a preliminary

injunction, plaintiff[ ] ha[s] to show a probability of success, danger of irreparable injury in the absence of an injunction, and a balancing of the equities in [his] favor" (*Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862; *see, Walsh v St. Mary's Church*, 248 AD2d 792, 793; *Welcher v Sobol*, 222 AD2d 1001, 1002). Notwithstanding the tripartite test, if the plaintiff has an adequate remedy at law and may be fully compensated by monetary damages, a preliminary injunction will not be granted (*see, Cliff v R. R. S. Inc.*, 207 AD2d 17, 20).

Although plaintiff alleges a cause of action for replevin, in our view because he avers that he has located a purchaser for the tractor and intends to sell it, it appears that monetary damages will be sufficient to compensate him. Accordingly, the preliminary injunction should not have been granted.

Mikoll, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order and amended order are reversed, on the law and the facts, with costs, and motion denied.