■ GEORGE CLAIRMONT, Appellant, v SCOTT M. KESSLER, Respondent, et al., Defendant. [703 NYS2d 25] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 9, 1998, which, in a medical malpractice action, granted defendant-respondent doctor's motion to disqualify plaintiff's attorney, unanimously affirmed, without costs.

Plaintiff's attorney was properly disqualified where he had represented defendant doctor in a prior malpractice action while associated with another law firm. Documentary evidence shows that the attorney was lead counsel in the prior action, the attorney admits to having personally met with defendant for five hours to prepare him for a deposition in the prior action and billing records disclose substantial additional work by the attorney, including reviews of defendant's records, numerous telephone calls and preparation of reports analyzing possible defenses. As the IAS Court found, such circumstances show a reasonable probability that the attorney acquired confidential information in the prior action of matters likely to be in issue in this case, including defendant's surgical experience and techniques and methods of handling patients (Code of Professional Responsibility DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]; *see, Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 637; *Severino v DiIorio*, 186 AD2d 178). Any delay in bringing the motion was due to the attorney's initial denial of the prior representation and is excusable. Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.