■ SANFORD B. POTTERS et al., Appellants-Respondents, v 71ST STREET LEXINGTON CORP., Respondent-Appellant, and GLORIA FRANKEL, Respondent. GLORIA FRANKEL, Respondent, v SANFORD B. POTTERS et al., Appellants. [779 NYS2d 473]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered November 28, 2003, which, in actions by downstairs and upstairs tenants against each other and their landlord, denied the upstairs tenants' motion to disqualify the law firm representing the downstairs tenant, unanimously affirmed, with costs.

It appears that at the suggestion of a bar association legal referral service, one of the upstairs tenants, on behalf of herself and the other upstairs tenant, consulted about the case with a member of the firm that some two months later was retained by the downstairs tenant, but did not retain the firm. It further

appears that four years later, and two weeks before the two actions were scheduled for joint trial, the upstairs tenants moved to disqualify the firm from representing the downstairs tenant. The IAS court, while not rejecting the upstairs tenant's representation that she did not recognize the name of the firm from litigation papers or otherwise realize that she had previously consulted with one of its members until she visited the firm's office for a deposition a week before she made her motion to disqualify, nevertheless denied the motion to disqualify as "barred by waiver and/or laches," attributing to the upstairs tenants "at least constructive knowledge of the claimed conflict of interest."

This was a proper exercise of discretion, even assuming that the half-hour consultation established an attorney-client relationship warranting vigilance against a possible conflict of interest with a former client. Granting this eve-of-trial motion to disqualify would have caused severe prejudice to the downstairs tenant, who is 80 years old and entitled to a special trial preference (CPLR 3403 [a] [4]), and has been represented by the firm for most of the time that the litigation has been pending (see Lopez v Precision Papers, 99 AD2d 507 [1984]). While the upstairs tenant claims that she "poured [her] heart out" in the consultation, we accept the consulted attorney's representation that he has no recollection of the consultation and never spoke about it with either the partner or associate actively representing the downstairs tenant. We also accept the partner's representations that cases in his five-lawyer office are handled by one partner and not more than one associate, that only in rare instances does he discuss his cases with his partner, and that he never spoke about the consultation with the consulted attorney or saw any notes the latter may have taken, and never will. The associate who has been working on the matter makes similar representations. Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.