■ JACK RUBINSTEIN, Respondent, v FOSTER BROTHERS MANUFACTURING COMPANY et al., Defendants, and GLOBAL STEEL PRODUCTS CORPORATION, Appellant.—In an action *inter alia* to recover damages for breach of contract, defendant Global Steel Products Corp. appeals from an order of the Supreme Court, Nassau County, dated November 12, 1975, which denied its motion to disqualify the law firm of Jarvis, Pilz, Buckley & Treacy from appearing as counsel to plaintiff. Order reversed, with $50 costs and disbursements, and motion granted. At the time the firm of Jarvis, Pilz, Buckley & Treacy instituted this action on behalf of plaintiff, it was representing appellant, although on claims unrelated to the instant action. This simultaneous representation of plaintiff and appellant, even though on unrelated matters, is at best unseemly (see *Cinema 5, Ltd. v Cinerama, Inc.,* 528 F2d 1384). The rule barring an attorney from prosecuting a former client serves as "a strict prophylactic * * * to ensure that a lawyer avoids representation of a party * * * where there may be the appearance of a possible violation of confidence" (see *Meyerhofer v Empire Fire & Mar. Ins. Co.,* 497 F2d 1190, 1196; *Rotante v Lawrence Hosp.,* 46 AD2d 199). Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.

■ JULIUS SCHNEIDERMAN et al., Appellants, v EMPIRE STATE BUILDING ASSOCIATION et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered May 30, 1975, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs or disbursements. In our opinion the charge, as a whole, was proper since the trial court related the applicable principles of law to the specific claims and to the evidence in the case. The refusal to grant plaintiffs' request with regard to notice of the alleged dangerous condition and the charge as given did not deprive them of a substantial right accorded by law (see *Taggart v Vogel,* 3 NY2d 58). Furthermore, the trial court did not abuse its discretion in submitting certain special questions to the jury. We have examined plaintiffs' other arguments and find them to be without merit. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.