■ VINCENT AMROD, Individually and as a Director on Behalf of LEL RESTAURANT, INC., et al., Appellants, v EAMONN DORAN et al., Respondents. — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered April 3, 1984, which granted defendants' motion to disqualify plaintiffs' attorneys Whitman & Ransom from further representation of plaintiffs, is reversed, on the law, without costs, and the motion is denied.

In this declaratory judgment action, plaintiffs seek to establish that each of them owns a 25% interest in the Lel Restaurant, Inc. (Lel). Defendant Eamonn Doran claims sole ownership of the restaurant and that the person from whom plaintiffs obtained their alleged interests owned no interest in the restaurant and was involved, at the time of the alleged transfers, in a course of larcenies and embezzlements.

Special Term granted disqualification of plaintiffs' counsel, Whitman & Ransom, Esqs., based upon defendant's claim of a potential conflict of interest arising from the firm's alleged prior representation of defendant, and the anticipated need to call as a witness the member of the firm with whom Doran had previously consulted. Doran claims that he consulted James Morris, a partner in the firm, in 1979, in respect to a lawsuit he was then prosecuting against Alan Clancy, who was the manager of his restaurant. The action was for breach of contract and assault, and ownership of the restaurant was not an issue. Doran gave Morris a copy of a deposition taken of him in that matter in which he, Doran, testified that he was the sole owner of the Eamonn Doran Restaurant, Lel's sole asset. The firm never undertook representation of Doran in that lawsuit, and Morris subsequently advised Doran not to pursue it. Doran alleges that he also consulted Morris with respect to his immigration status, but does not reveal what the nature of that representation was, what issues were involved or when that consultation allegedly took place.

As this court recently held: "[r]esolution of an issue respecting disqualification requires a delicate balance between the interests of the client who desires to retain an attorney of his or her choice against the interests of the opposing party to be free from any risk of opposition by an attorney who had been privy to that litigant's confidence (*Cardinale v Golinello,* 43 NY2d 288, 294). Upon this basis, in cases involving the retention of counsel where the opposing party is the attorney's former client, disqualification has been directed on a showing of 'reasonable probability of disclosure' of confidential information obtained in the prior representation (*Greene v Greene,* 47 NY2d 447, 453). Generally, in such cases, an attorney will be disqualified where the party seeking that relief meets his burden by establishing a substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation [citations omitted]. Such relief will not be granted, however, where there is no substantial relationship or where the party seeking disqualification fails to identify any specific confidential information imparted to the attorney." (*Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57.)

Not only is there no showing here that the Whitman & Ransom firm ever represented Doran,[1] there is no showing that the issues in the Clancy matter in respect to which Morris was

---

1. Doran does not claim that he retained the firm and Morris categorically denies that his firm was "retained" in the Clancy matter or otherwise.

consulted bear any substantial relationship to the issues in the case at bar. Moreover, apart from his bald assertion, Doran has failed to "identify any specific confidential information imparted to the attorney". (*Saftler v Government Employees Ins. Co., supra,* p 57.) Doran's contention made at the examination before trial, the transcript of which was turned over to Morris, that he was the sole owner of the restaurant, hardly qualifies as "confidential and privileged information". Moreover, ownership of the restaurant apparently was not even an issue in that lawsuit.

There is no demonstrated need on this record for Morris' testimony or the testimony of any other member of the Whitman & Ransom firm such as would warrant their disqualification under the strictures of DR 5-102 (A) of the Code of Professional Responsibility, as approved by the American Bar Association and adopted by the New York State Bar Association. The firm's representation of the plaintiff Ayvaz in his lawsuit against Moringiello does not provide such a basis. Doran questions how Morris, who allegedly knew in 1979, based upon the assertion in the deposition transcript in the Clancy case, that Doran held himself out as the sole owner of the restaurant, could represent Ayvaz in the settlement of a 1980 lawsuit pursuant to which Ayvaz allegedly purchased Moringiello's interest in the restaurant corporation. Thus, he asserts, Morris' testimony is necessary to establish when Ayvaz learned of Doran's claim of sole ownership of the restaurant.

Significantly, Doran does not reveal when in 1979 he allegedly consulted with Morris and made known his claimed 100% ownership of the restaurant. His assertion that his deposition was given in 1977 is flatly contradicted by the exhibit annexed to his attorney's affidavit herein. The reporter who transcribed his deposition certified the transcript as of April 11, 1979, and the face sheet of the transcript indicates that the deposition was held on March 27, 1969 [*sic*].[2] Morris asserts that he wasn't consulted about the Clancy matter, and thus could not have learned of Doran's claim of 100% ownership until April, 1980, after both plaintiffs had acquired their respective interests in the restaurant corporation. The Ayvaz-Moringiello settlement was concluded in March of 1980 and Amrod contends that he acquired his interest in October, 1977. Thus there is no credible factual underpinning in this record to support the alleged need to call Morris or any other member of the firm as a witness. Disqualification is unwarranted, therefore, under the Disciplinary Rule relied upon by the dissent. (*Emerald Green*

2. An obvious typographical error; no one claims involvement with this restaurant earlier than 1977.

*Homeowners' Assn. v Aaron,* 90 AD2d 628.) Concur — Sullivan, Carro and Alexander, JJ.

Kupferman, J. P., and Ross, J., dissent in a memorandum by Ross, J., as follows: Plaintiffs commenced this action to establish their 50% interest in a restaurant located in Manhattan. Defendant Eamonn Doran (Doran) contends that he is the sole owner of the restaurant. Our examination of the record indicates that it is undisputed that plaintiffs' counsel represented defendants concerning unrelated matters prior to the instant controversy. During this earlier representation, the defendant Doran alleges in an affidavit that he revealed to James S. Morris (Morris), a partner in plaintiffs' counsel's law firm, confidential and privileged information that is pertinent to the instant litigation. Thus, defendants moved to disqualify plaintiffs' attorney, upon the basis that Morris and his firm possess privileged information and that Morris may be a witness at the trial of this matter. Special Term granted the motion. We agree and would affirm.

Morris, in an affidavit submitted to support plaintiffs' opposition to this motion, does not rule out the possibility that he may testify in this case and he does not unequivocally deny that his firm possesses privileged information. In fact, Morris states in that affidavit: "I should point out to the Court that * * * Doran delivered his file to me in the Clancy action [note: this Clancy matter relates to the earlier representation] * * * I assigned [t]he Clancy case to one of my associates, Walter P. Kelly, Esq. * * * I don't believe that I ever read the transcript of [Doran's] deposition in [t]he Clancy [c]ase * * * I presently have no plans to testify on behalf of the plaintiffs in this action * * * [and a]t the present time, there are no plans or proposals to have anyone at Whitman & Ransom testify".

In view of the extent of plaintiffs' attorneys' prior witnesses in the instant case, we conclude that their disqualification is mandated (*Tru-Bite Labs v Ahsman,* 54 AD2d 345; Code of Professional Responsibility, DR 5-102 [A], as approved by the American Bar Association and adopted by the New York State Bar Association).

Accordingly, the order, Supreme Court, New York County (Seymour Schwartz, J.), entered April 3, 1984, which granted defendants' motion to disqualify plaintiffs' counsel, should be affirmed.