■ DAVID T. CHASE et al., Respondents, v SULLIVAN'S OF MIDDLETOWN, INC., et al., Appellants. (Action No. 1.) SULLIVAN'S OF MIDDLETOWN, INC., Appellant, v DAVID T. CHASE et al., Respondents. (Action No. 2.) — In two actions, *inter alia,* to recover damages for breach of a lease, Sullivan's of Middletown, Inc. and Sullivan's of Liberty, Inc. appeal from (1) so much of an order of the Supreme Court, Orange County (Colabella, J.), dated March 14, 1984, as granted plaintiff Middletown Plaza Associates' motion to disqualify their counsel and established an expedited schedule for discovery; and (2) so much of a further order of the same court, dated April 11, 1984, as, upon reargument, adhered to its original determination to disqualify appellants' counsel and directed that discovery be completed within 90 days after the substitution of counsel.

Appeal from order dated March 14, 1984 dismissed as academic. Said order was superseded by the order dated April 11, 1984, made upon reargument.

Order dated April 11, 1984 modified, by deleting the provision requiring that discovery be completed within 90 days after the substitution of counsel. As so modified, order affirmed, insofar as appealed from.

Respondents are awarded one bill of costs.

We find that there was ample evidence in the record to support Special Term's conclusion that appellants' law firm had, in the past, represented Middletown Plaza Associates' (Middletown) predecessor in interest on issues which are substantially similar, if not identical, to issues raised by the parties in the pending consolidated actions. "[W]here any substantial relationship can be shown between the subject matter of a former representation and that of a subsequent adverse representation, the latter will be prohibited" (*T. C. Theatre Corp. v Warner Bros. Pictures,* 113 F Supp 265, 268). Middletown is entitled to be free from any apprehensions that its interests will be prejudiced because of such former representation (*see, Rotante v Lawrence Hosp.,* 46 AD2d 199).

The record further disclosed that appellants' law firm had been defending Middletown in a number of insurance subrogation claims while simultaneously acting as counsel to appellants in the instant action. This court has held that the "simultaneous representation of [parties], even though on unrelated matters, is

at best unseemly" (*Rubinstein v Foster Bros. Mfg. Co.,* 52 AD2d 597). In our opinion, disqualification is necessary in order to insure fairness in the conduct of the pending litigation (*see, Renault, Inc. v Auto Imports,* 19 AD2d 814).

The instant actions involve disputes as to the rights and obligations of the parties under a commercial lease. The issues are complicated and even Middletown now agrees that Special Term's expedited discovery schedule is insufficient for both sides to complete the extensive discovery necessary. Hence, we vacate that expedited schedule and leave the parties to their rights and remedies under CPLR article 31. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.