■ ALBERT G. PRODELL et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 1, 1986 in Albany County, which granted defendant Town of Brookhaven's motion to disqualify plaintiffs' counsel from continuing to represent plaintiffs in this action.

At issue on this appeal is whether Supreme Court abused its discretion in granting defendant Town of Brookhaven's motion to disqualify plaintiffs' counsel from continuing to represent plaintiffs in this action. We are of the view that, in the circumstances herein, the Town's motion should have been denied.

In this declaratory judgment action, plaintiffs, as taxpayers in the Shoreham-Wading River Central School District (school district), challenge the constitutionality of Laws of 1983 (ch 1018), which requires that in the event of a real property tax overassessment of a nuclear power facility in Suffolk County, any court-ordered tax refund shall be charged to the school

district in which the facility is located. The Shoreham Nuclear Power Station, owned by Long Island Lighting Company (LILCO), is located in the Town and within the school district. LILCO has commenced a series of tax certiorari proceedings against the Town, claiming that its nuclear power facility has been overassessed. The school district has intervened in these proceedings. Counsel for plaintiffs in this action also represents the school district in the tax certiorari proceedings.

In support of its motion to disqualify plaintiffs' counsel, the Town alleges that counsel's role in representing plaintiffs herein while representing the school district in the tax certiorari proceedings creates an impermissible conflict of interest, and that counsel has access to the Town's experts and other confidential material in the tax certiorari proceedings that he could disclose and use to his advantage in this action. The record contains no written decision, but Supreme Court apparently accepted these arguments and granted the Town's motion to disqualify plaintiffs' counsel. We reverse.

Although an individual's right to representation by counsel of his choice is not absolute, "any restriction imposed on that right will be carefully scrutinized", and that right "will not yield unless confronted with some overriding competing public interest" *(Matter of Abrams [John Anonymous]*, 62 NY2d 183, 196). "[A]ttorneys historically have been strictly forbidden from placing themselves in a position where they must advance, or even appear to advance, conflicting interests" *(Greene v Greene,* 47 NY2d 447, 451), but we conclude that plaintiffs' counsel has not placed himself in such a position by his representation of the school district in the tax certiorari proceedings and the taxpayers in this action. Counsel's goal in both cases is the same: to protect his client from liability for tax refunds to LILCO. To achieve this goal, counsel seeks to sustain the assessments in the tax certiorari proceedings, while in this action he seeks to invalidate the statute which imposes liability for the refunds on the school district. The potential for any conflict is simply too remote to justify disqualification. Even assuming that a possible conflict exists, the record establishes that the school district and plaintiffs are aware of and have consented to counsel's dual representation, and there is no showing that this dual representation is the type that is "fraught with the potential for irreconcilable conflict" so that it will not be sanctioned even with full disclosure and the clients' consent *(see, Greene v Greene, supra,* pp 451-452).

Turning to the Town's claim that counsel's access to its

experts and other confidential information in the tax certiorari proceedings requires disqualification of counsel herein, the Town bears the burden of showing the impropriety of counsel's continued representation of plaintiffs *(see, Amrod v Doran,* 107 AD2d 575, 576; *Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57). While this burden does not require a showing that confidential information necessarily will be disclosed, a reasonable probability of disclosure must be shown *(Greene v Greene, supra,* p 453). Accepting the Town's allegations that plaintiffs' counsel had access to confidential information concerning the propriety of the assessment of LILCO's nuclear power facility, the Town has failed to show even a possibility that this information will be disclosed or used to the Town's disadvantage in this action. The issue in this action concerns the constitutionality of a statute which treats plaintiffs' school district different than any other school district in Suffolk County. The Town has failed to show that the confidential information obtained in the tax certiorari proceedings would have any bearing on the issue presented in this action *(see, Martin v Donghia Assoc.,* 73 AD2d 898). In these circumstances, Supreme Court's exercise of its discretion to disqualify plaintiffs' counsel was unwarranted *(see, Lopez v Precision Papers,* 99 AD2d 507).

Order reversed, on the law and the facts, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.