AEROJET PROPERTIES, INC., Respondent, v STATE OF NEW YORK, Appellant.

Third Department, June 16, 1988

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Frank K. Walsh* of counsel), for appellant.

*Carter, Conboy, Bardwell, Case & Blackmore (Terrence P. O'Connor* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

Should a law firm be disqualified as counsel for a claimant

in the Court of Claims because the firm also represents the State in a subsequent unrelated lawsuit? We think not and affirm the Court of Claims order denying the State's disqualification motion.

On October 11, 1983, claimant commenced this action to recover unpaid rent based upon electrical usage in New York City offices leased to the Bureau of Leases of the State Office of General Services (hereinafter the Bureau) and occupied by the State Department of Health. The law firm of Carter, Conboy, Bardwell, Case & Blackmore (hereinafter Carter Conboy) has represented claimant since the inception of the action. In January 1986, Sandra Lynn Bauer commenced an action in the Court of Claims to recover damages for personal injuries sustained in an accident during her employment as an instructor in a day care facility operated on premises owned by the State at the Empire State Plaza in the City of Albany. The Children's Place at the Plaza, Inc., a not-for-profit corporation, agreed to indemnify the State for liability arising out of its operation of the day care facility and provided casualty insurance for that purpose. The insurance carrier retained Carter Conboy to defend the State in the Bauer action. The Court of Claims denied the State's motion to disqualify Carter Conboy from representing claimant based upon an alleged conflict of interest, giving rise to this appeal by the State.

We affirm, albeit using a somewhat different analysis. The State's principal objection is that the Court of Claims erred in applying what is generally referred to as the "substantial relationship" test in determining whether Carter Conboy should be disqualified. Under this standard, disqualification will result where the party seeking that relief establishes "a substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation" *(Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57; *see, Hunkins v Lake Placid Vacation Corp.,* 120 AD2d 199, 201). A reasonable probability that confidential information will be disclosed warrants the disqualification of counsel *(see, Greene v Greene,* 47 NY2d 447, 453).

The State maintains that this standard pertains only where counsel's prior representation of a client is concerned, and not in an instance, as here, involving simultaneous representation. In the present situation, the State urges that the stricter

"prima facie" standard delineated in *Cinema 5 v Cinerama, Inc.* (528 F2d 1384) applies. In *Cinema 5,* the Second Circuit Court of Appeals held that "[w]here the relationship [between attorney and client] is a continuing one, adverse representation is prima facie improper * * * and the attorney must be prepared to show, at the very least, that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of his representation" *(supra,* at 1387 [emphasis in original]). In contrast to the substantial relationship standard, the *Cinema 5* standard places the burden of proof on the party opposing disqualification *(supra),* and shifts the focus from the similarities in litigation to counsel's fundamental duty of undivided loyalty to his client *(Kaminski Bros. v Detroit Diesel Allison,* 638 F Supp 414, 417; *see, Guthrie Aircraft v Genesee County,* 597 F Supp 1097, 1098).

The threshold question thus presented is which standard attends this controversy. There is little dispute that the substantial relationship test customarily applies where counsel accepts employment against a former client *(see, Amrod v Doran,* 107 AD2d 575; *Saftler v Government Employees Ins. Co., supra).* Our research indicates, however, that State courts have yet to *expressly* extend the substantial relationship test to simultaneous representation cases or otherwise apply the Federal prima facie rule *(but see, Matter of Weinberg,* 129 AD2d 126, 143; *Prodell v State of New York,* 125 AD2d 805; *Hunkins v Lake Placid Vacation Corp.,* 120 AD2d 199, *supra; Rubinstein v Foster Bros. Mfg. Co.,* 52 AD2d 597). Given the conflicts inherent in a simultaneous representation situation, we are persuaded that the stricter, prima facie Federal rule should apply. In this manner, counsel's fundamental duty of undivided loyalty to his client may properly be ensured *(see, Matter of Kelly,* 23 NY2d 368, 376; Code of Professional Responsibility Canon 5).

Applying this prima facie standard to the case at hand, we find that Carter Conboy has met its heavy burden of demonstrating the absence of any conflict in loyalties or impediments to a vigorous representation of each client. Although not determinative, it is significant that there is absolutely no substantive nexus between the two lawsuits. Nor is there any real potential for the disclosure of confidential information, notwithstanding the Bureau's involvement in each lawsuit. In essence, Carter Conboy has not compromised its duty of undivided loyalty to either claimant here or the State in the Bauer action. Given the multitudinous nature of the State's activi-

ties, even the appearance of impropriety seems de minimis here *(see, Armstrong v McAlpin,* 625 F2d 433, 445, *vacated and remanded on other grounds* 449 US 1106).* Moreover, to disqualify Carter Conboy after extensive involvement in this lawsuit for more than four years would prove patently unfair to both the law firm and its client. The circumstances simply do not warrant such drastic relief. Accordingly, the State's disqualification motion was properly denied.

CASEY, J. P., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Order affirmed, without costs.