■ In the Matter of PRUDENTIAL SECURITIES, INC., et al., Respondents, v GUY P. WYSER-PRATTE, Appellant.—Order of the Supreme Court, New York County (Walter Schackman, J.), entered June 10, 1992, which granted petitioners' motion for an order disqualifying respondent's counsel from representing respondent in arbitration proceedings, is unanimously reversed to the extent appealed from, on the law and facts, and in the exercise of discretion, and the motion denied, with costs and disbursements payable to respondent.

After respondent Guy P. Wyser-Pratte was terminated from his position as head of the Risk Arbitrage Department at petitioner Prudential Securities he brought two arbitration proceedings. Respondent alleged that petitioner Prudential Insurance wrongfully induced Prudential Securities, its subsidiary, to breach its employment agreement with him. Wyser-Pratte also alleged breach of contract, denial of employment benefits, fraud and disparagement.

Petitioners moved to disqualify the firm of Kramer, Levin, Nessen, Kamin & Frankel (Kramer) as counsel for Wyser-Pratte in the arbitration proceedings, and for a stay of the arbitration proceedings pending determination of the motion. Petitioners asserted that Kramer should be disqualified because of a conflict of interest arising out of Kramer's prior representation of Prudential Securities in two actions brought against it by former employees alleging wrongful termination. Petitioners maintained that as a consequence of this representation, Kramer gained access to Prudential Securities' "confidential and privileged thought processes, settlement and litigation strategy and deliberations" in employment termination claims. Petitioners contended that possession of such knowledge by Kramer as it represents Wyser-Pratte is prejudicial to Prudential Securities "since the same wrongful termination claims and therefore the same decision making, litigation and settlement strategies are at issue".

Petitioners also argued that Kramer's representation of respondent is improper because of the law firm's prior representation of Prudential Insurance as a member of a creditors committee in bankruptcy proceedings. Petitioners asserted that a conflict of interest exists in that Kramer was affirmatively representing Prudential Insurance's interest in one matter while pursuing respondent's claim against Prudential Insurance for tortious interference and defamation.

The IAS Court granted the motion to disqualify Kramer, concluding that petitioners had established that a substantial relationship existed between the issues in the present litigation and the subject matter of Kramer's prior representation of Prudential Securities. The court noted that "the former partner at Kramer Levin has submitted an affirmation detailing a list of employment related litigation handled by Kramer Levin for Prudential. Moreover, an associate who worked on those matters is still at Kramer Levin".

Initially, we note that petitioners waited until the eve of the arbitration proceedings to move for the law firm's disqualification, and from the record a strong inference may be drawn that this motion was made merely to secure a tactical advantage (see, H.H.B.K. 45th St. Corp. v Stern, 158 AD2d 395, 396).

In any event, in cases involving the retention of counsel where the opposing party is counsel's former client, counsel will be disqualified " 'where the party seeking that relief meets his burden by establishing a substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation' " (Amrod v Doran, 107 AD2d 575, 576, quoting Saftler v Government Empls. Ins. Co., 95 AD2d 54, 57). Here, petitioners have not met this burden.

While petitioners contend that respondent's arbitration claims are no different than the claims in the prior cases where Kramer acted as counsel to Prudential Securities, the prior matters in which Kramer represented Prudential Securities included a receptionist's claim that she had been fired because of her age; the claim of two former securities dealers who voluntarily left Prudential that the firm had conspired to deprive them of their "book of business"; a maintenance man's claim that he was wrongfully fired because he had called in sick; a worker's claim that she had been fired for taking pregnancy leave.

In contrast, respondent asserted these claims against Pru-

dential Securities in the arbitration proceedings: Prudential denied respondent the authority to make arbitrage investments in violation of an employment agreement; Prudential failed to provide respondent certain deferred compensation, credit for tax benefits, market value for repurchase of partnership units, and retirement benefits; and Prudential Insurance wrongfully induced Prudential Securities to breach its contract with respondent. Obviously, petitioners' assertion that "the same issues [are] at stake" in respondent's proceedings as in the prior matters worked on by Kramer is groundless. Petitioners do not demonstrate a "substantial relationship" between the issues in the arbitration proceedings herein and the prior representation.

As for Prudential Insurance, respondent's claims against it involve breach of contract, fraud and defamation and disparagement, which obviously are not related to the bankruptcy matters which Kramer worked on for Prudential Insurance.

Petitioners also contend that Kramer had access to confidential information as a result of its prior representation of petitioners. During the course of its representation of Prudential Securities in these prior actions petitioners asserted that Kramer had almost unfettered access to Prudential's documents, internal employment policies, legal opinions and thought processes, and other privileged and vital confidential information pertinent to employee termination-related issues which give Kramer and Wyser-Pratte an impermissible advantage in the arbitration proceedings they would not have had absent the prior representation.

However, while Ken McCulloch, the former Kramer partner who worked on these prior matters did state he had learned about Prudential Securities' philosophy regarding employment litigation and settlement strategy, he no longer is employed at Kramer and did not work there when it began to represent respondent. Moreover, Kramer attorney Kevin Leblang, who worked on two employment matters with McCulloch asserted he is *not* involved in respondent's present claims and that he has no confidential information of Prudential Securities bearing on respondent's claims.

Accordingly, in view of the delay in moving for the disqualification, the lack of a substantial relationship between the issues in respondent's arbitration claims and in Kramer's prior representations of petitioners and the absence of Kramer's access to confidential material of petitioners substantially related to respondent's claims, the IAS Court should have

denied the motion to disqualify Kramer *(see, Lewis v Unigard Mut. Ins. Co.,* 83 AD2d 919, 920). Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.