■ WILLIAM C. SIROTY, Plaintiff, v RICHARD F. NELSON et al., Defendants, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Defendant and Third-Party Plaintiff-Respondent. LONG ISLAND TRUST COMPANY, Third-Party Defendant-Appellant. (Action No. 1.) MILTON MASON, Plaintiff, v WILLIAM SIROTY et al., Defendants, UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, and LONG ISLAND TRUST COMPANY, Appellant. (Action No. 2.) [606 NYS2d 728] —In actions, *inter alia,* to determine liability for the loss of funds entrusted to a trustee, the Long Island Trust Company (now the Bank of New York) appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated July 12, 1993, which denied its motion to disqualify the law firm of Cusack & Stiles from representing United States Fidelity and Guaranty Company.

Ordered that the order is affirmed, with costs.

The Bank of New York contends that Cusack & Stiles should be disqualified as counsel for United States Fidelity and Guaranty Company (hereinafter USF&G) because Cusack & Stiles was simultaneously representing the Bank of New York in *Rosenberg v Bank of N. Y.,* pending in the Supreme Court, New York County, Index No. 2065791, while prosecuting a claim on behalf of USF&G against the Bank of New York. We disagree.

Cusack & Stiles has met its burden of demonstrating the absence of any conflict in loyalties or impediments to a vigorous representation of each client *(see, Aerojet Props. v State of New York,* 138 AD2d 39). Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.