■ MICHAEL B. KUBERZIG, Respondent, v ADVANCED DERMATOLOGY, P. C., et al., Appellants, et al., Defendant. [688 NYS2d 596] —In an action to recover damages for medical malpractice, the defendants Advanced Dermatology, P. C., Joshua L. Fox, and Marcy Goldstein appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated March 16, 1998, which denied their motion to disqualify John J. Brant, Jr., as counsel for the plaintiff.

Ordered that the order is affirmed, with costs.

The appellants moved to disqualify the plaintiff's counsel, John J. Brant, Jr., on the ground that Brant was a former associate of a law firm which had represented the appellants Joshua L. Fox and Advanced Dermatology, P. C., in a prior medical malpractice action. An attorney will be disqualified where the party seeking the disqualification meets its burden by establishing a substantial relationship between the issues

in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation (*see, Matter of Prudential Sec. v Wyser-Pratte,* 187 AD2d 306, 307; *Forest Park Assocs. Ltd. Partnership v Kraus,* 175 AD2d 60; *Amrod v Doran,* 107 AD2d 575, 576; *Saftler v Government Empls. Ins. Co.,* 95 AD2d 54, 57). While the appellants concede that the subject matter of the prior representation did not bear any substantial relationship to the issues in this case, they contend that the plaintiff's counsel had access to confidential material substantially related to the instant case. The record reveals that the prior lawsuit for malpractice was brought against the appellant Joshua L. Fox for his active negligence in performing cosmetic and laser surgery upon another patient, whereas the instant case is premised upon the active negligence of the defendant Michael B. Wartels and the appellant Marcy Goldstein for their alleged failure to properly treat the plaintiff for severe nodulocystic acne vulgaris. Under the circumstances of this case, it is unlikely that Brant gained confidential information which would benefit the plaintiff (*see, Anonymous v Anonymous,* 251 AD2d 241; *Prodell v State of New York,* 125 AD2d 805; *Amrod v Doran, supra*; *Saftler v Government Empls. Ins. Co., supra*; *Martin v Donghia Assocs.,* 73 AD2d 898). Therefore, the Supreme Court providently exercised its discretion in denying the appellants' motion to disqualify the plaintiff's attorney (*see, Juergens v Schanman,* 182 AD2d 740; *Mondello v Mondello,* 118 AD2d 549, 550). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.