■ PETER SPANO et al., Respondents, v SAMER TAWFIK et al., Appellants. [705 NYS2d 659] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Richmond County (Minardo, J.), entered February 23, 1999, which denied their motion to disqualify the firm of Hughes Hubbard & Reed, L. L. P., from representing the plaintiffs.

Ordered that the order is affirmed, with costs.

The defendants moved to disqualify the plaintiffs' counsel, Hughes Hubbard & Reed, L. L. P. (hereinafter H H & R) on the ground that it previously represented the defendant Samer Tawfik. Generally, an attorney will be disqualified where the party seeking that relief meets its burden of establishing a substantial relationship between the issues in the present litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the present litigation (see, Kuberzig v Advanced Dermatology, 260 AD2d 548; Prudential Sec. v Wyser-Pratte, 187 AD2d 306, 307; Forest Park Assocs. Ltd. Partnership v Kraus, 175 AD2d 60). The prior representation primarily concerned the settlement of a Federal trademarks infringement action. The instant action, in contrast, is premised upon a breach of contract between the plaintiffs and defendant Tawfik, who were the officers and sole shareholders of the corporation that, three years earlier, had settled the Federal trademarks infringement action. The defendants failed to establish the existence of an adverse interest or that the matters involved in both representations are substantially related. Additionally, it is not reasonable to infer that H H & R gained

confidential information about the defendants that would be of use to the plaintiffs in this litigation (*see, Kuberzig v Advanced Dermatology,* 260 AD2d 548, *supra*; *Anonymous v Anonymous,* 251 AD2d 241). Therefore, the Supreme Court properly denied the defendants' motion to disqualify H H & R as counsel for the plaintiffs (*see, Juergens v Schanman,* 182 AD2d 740). Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.