■ JEAN GILLE, Appellant, v BURT GREENBURG et al., Respondents. [732 NYS2d 593] —In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Golar, J.), dated April 3, 2001, which denied her motion to restore the action to the trial calendar and granted the defendants' cross motion to dismiss the complaint, and (2) an order of the same court dated June 15, 2001, which, in effect, denied her motion for leave to reargue the prior motion.

Ordered that the appeal from the order dated June 15, 2001, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated April 3, 2001, is reversed, on the law, the motion is granted, the cross motion is denied, and the action is restored to the trial calendar; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Under the circumstances of this case, the Supreme Court erred in denying the plaintiff's motion to restore the action to the trial calendar (*see, Basetti v Nour,* 287 AD2d 126). Santucci, J. P., Altman, Florio, H. Miller and Cozier, JJ., concur.

■ STUART GLASHOW et al., Respondents, v LINDEN TOWERS COOPERATIVE #4, INC., et al., Appellants. [732 NYS2d 593] —In an action, *inter alia*, to recover damages for malicious prosecution, the defendants appeal from an order of the Supreme Court, Queens County (Milano, J.), entered February 20, 2001, which denied their motion to disqualify counsel for the plaintiffs.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' motion to disqualify the plaintiffs' counsel. The defendants failed to establish that counsel had access to confidential information related to the case, or that the matters involved in the former representation and the current litigation were substantially related (*see, Spano v Tawfik,* 271 AD2d 522; *Kuberzig v Advanced Dermatology,* 260 AD2d 548). Altman, J. P., H. Miller, Feuerstein and Cozier, JJ., concur.