■ MSKCT TRUST, as Assignee of CLERMONT FARM CORPORATION, et al., Respondents, v PARANECK ENTERPRISES, INC. et al., Appellants. (And Another Related Action.) [746 NYS2d 86] —Mugglin, J. Appeal from an order of the Supreme Court (Leaman, J.), entered November 28, 2000 in Columbia County, which denied defendants' motion to disqualify plaintiff Thomas F. Cunningham from representing plaintiffs.

Plaintiff Thomas F. Cunningham is the president of Clermont Farm Corporation (hereinafter CFC), a facility designed for breeding and training thoroughbred horses. Plaintiff MSKCT Trust is the sole shareholder of CFC. Its beneficiaries are Cunningham's spouse and children. Schoenborn Equestrian Corporation (hereinafter SEC) is 75% owned by MSKCT and 25% by Evelyn Schoenborn. SEC leases the farm from CFC. The thoroughbred horse business is operated on the farm by SEC and defendant Paraneck Enterprises, Inc. pursuant to a joint venture agreement. Defendant Ernest G. Paragallo is the president and shareholder of Paraneck.

Prior to any relationship with CFC, Paragallo and the Schoenborns boarded their horses at Center Brook Farm. As a result of various disputes among these parties, three actions were consolidated in Greene County (hereinafter the Greene County actions) in which Cunningham represented both Paragallo and the Schoenborns. In July 2000, an action was brought by Cunningham, personally, and CFC,[1] against Paraneck and Paragallo, and a second action was commenced by Cunningham for SEC against the same defendants (hereinafter the Columbia County actions).[2] The issue on this appeal arises from Supreme Court's denial of defendants' motion to disqualify Cunningham from acting as the attorney for plaintiffs in the two Columbia County actions which have been joined for trial. Supreme Court found no substantial relationship between the Greene County actions and the instant actions, that no confidential communications were exchanged between Cunningham and Paragallo, and that Cunningham had a right to represent himself and the other plaintiffs in the Columbia County actions. Defendants appeal.

1. In August 2000, CFC assigned its interests in this action to MSKCT.

2. At the same time, CFC, represented by Cunningham, brought an eviction proceeding against SEC and Paraneck.

Historically, the ethical propriety of accepting employment against a former client has been measured by the substantial relationship test (*see, Aerojet Props. v State of New York*, 138 AD2d 39, 41). In cases of simultaneous representation, however, a "prima facie" standard has been applied (*see, id.* at 41). Under this latter doctrine, if the attorney/client relationship is continuing, adverse representation is "prima facie" improper and the burden shifts to the attorney to demonstrate "that there will be no actual or apparent conflict in loyalties or diminution in * * * representation" (*Cinema 5 v Cinerama, Inc.*, 528 F2d 1384, 1387).

Cunningham claims that Paragallo terminated the attorney/client relationship prior to the institution of this litigation, but that despite repeated demands that he document this fact, Paragallo neglected to do so. As a result, Cunningham was forced to formally withdraw, resulting in an order in October 2000. Although a technical argument could be made that Cunningham continued to represent Paragallo until that date and, therefore, the stricter "prima facie" rule controls, application of either rule does not require disqualification of Cunningham.

Review of the record reveals that Supreme Court was correct in determining that there is no substantial relationship between the Greene County actions and the present Columbia County actions. In the Greene County actions, Paragallo claimed Center Brook Farm was negligent in the care, feeding and training of his horses. Neither the subject matter nor the issues involved are similar to the instant dispute. Moreover, Paragallo cannot document any confidences that he shared with Cunningham in that litigation which would be common to and germane to this litigation.

With respect to the application of the "prima facie" standard, Cunningham relies entirely on the attorney/client relationship having been terminated on June 13, 2000. We conclude that termination has occurred and, by necessity, Paragallo will have different counsel in the Greene County actions. Consequently, Cunningham could not possibly breach any duty of undivided loyalty to Paragallo at this juncture. Thus, we conclude that even if the "prima facie" standard applied at the time the disqualification motion was made, it is no longer controlling.

However, the Code of Professional Responsibility requires an attorney to cease further representation of a client when it becomes plain that the attorney "ought to be called as a witness" (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]). Under this provision, when an adversary seeks disqualification of the attorney, the record must estab-

lish, in addition to the fact that the attorney ought to be called as a witness, that the testimony of the attorney is necessary (*see, S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 445-446). Notably, with respect to SEC, Cunningham represents that he has made arrangements with another attorney to act as trial counsel since he will be testifying. This admission represents an acknowledgment that his testimony at trial will be necessary to establish a prima facie case for SEC. However, since Cunningham has hired independent trial counsel, thus removing the inconsistent position of advocate and witness, no grounds for pretrial disqualification exist in the SEC action (*see, id.* at 444).

Turning to the companion lawsuit brought by Cunningham personally and for MSKCT, as assignee of CFC, we find no basis upon which to disqualify Cunningham from representing himself (*see,* CPLR 321 [a]). His representation of MSKCT is more problematic. As MSKCT is the sole shareholder of CFC, Cunningham is not barred by the technical application of the rule that an attorney seeking to represent a corporation in which he is the sole shareholder "must be deemed to have waived the right to appear *pro se*" (*Gasoline Expwy v Sun Oil Co. of Pa.*, 64 AD2d 647, 648, *affd* 47 NY2d 847). Nevertheless, Cunningham admits that he controls both MSKCT and CFC. As it is not clear from the record whether other trial counsel has been obtained for MSKCT, we have reviewed the complaint and find that the factual allegations of Cunningham's personal causes of action are sufficiently interrelated to the causes of action pleaded on behalf of MSKCT, as assignee of CFC, that Cunningham will be a necessary witness for MSKCT, and is therefore disqualified from representing it at trial (*see,* Code of Professional Responsibility DR 5-102 [22 NYCRR 1200.21]).

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendants' motion to disqualify plaintiff Thomas F. Cunningham from representing plaintiff MSKCT Trust at trial; motion granted to that extent; and, as so modified, affirmed.