In the Matter of T'CHALLA D. ANGEL GUARDIAN-ST. MARY'S CHILDREN AND FAMILY SERVICES, Respondent; SHAVONNE R., Appellant. [770 NYS2d 649]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the grounds of abandonment and permanent neglect, the mother appeals from an order of the Family Court, Kings County (Elkins, J.), dated June 20, 2003, which denied her motion to disqualify her daughter's Law Guardian.

Ordered that the order is affirmed, without costs or disbursements.

The facts of this case are fully set forth in *Matter of T'Challa D.* (196 Misc 2d 636 [2003]). In brief, the Law Guardian, who was employed by the Juvenile Rights Division of the Legal Aid Society, has represented the child since 1998, first, in an abuse and neglect proceeding, and then in a proceeding to terminate parental rights. During the fact-finding hearing of the latter proceeding, the Law Guardian learned that an attorney from the Criminal Defense Division of the Legal Aid Society was representing the mother in a criminal matter in Bronx County, where she was charged with assault, resisting arrest, and obstructing government administration. Upon learning of the dual representation, the attorney from the Criminal Defense Division immediately withdrew from the criminal case. The Law Guardian avers that the attorneys did not exchange any information during or after the period of simultaneous representation.

Contrary to the mother's contention, the simultaneous representation did not warrant the drastic remedy of removing the

Law Guardian. It is well settled that where an attorney or a law firm has an ongoing relationship with a client whose interests may conflict with those of another current client, the adverse representation is "prima facie improper . . . and the attorney [or law firm] must be prepared to show, at the very least, that there will be no actual or *apparent* conflict in loyalties or diminution in the vigor of . . . representation" (*Cinema 5, Ltd. v Cinerama, Inc.* 528 F2d 1384, 1387 [1976]; *see Aerojet Props. v State of New York,* 138 AD2d 39 [1988]). In this case, the Legal Aid Society met the heavy burden of demonstrating the absence of any conflict in loyalties or impediments to a vigorous representation of each client during that period (*see Siroty v Nelson,* 200 AD2d 617 [1994]; *Aerojet Props. v State of New York, supra).*

As for the issue of whether the Legal Aid Society could continue to represent the child against the mother, who was a former client, the mother failed to satisfy the three-part test for disqualification (*see Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123 [1996]; *Solow v Grace & Co.,* 83 NY2d 303 [1994]; *Matter of Destiny D.,* 2002 WL 31663251 [2002], 2002 NY Misc LEXIS 1509 [2002]. Under these circumstances, the Family Court providently exercised its discretion in denying the mother's motion to disqualify the Law Guardian, who had a long-standing attorney-client relationship with the child. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur. [*See* 196 Misc 2d 636.]