■ David Nesenoff, Respondent, v Dinerstein & Lesser, P.C., et al., Appellants. [786 NYS2d 185]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated June 19, 2003, which granted the plaintiff's motion to disqualify the law firm of L'Abbate, Balkan, Colavita & Contini, LLP, from representing them in this action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff retained the defendant Robert Dinerstein (hereinafter Dinerstein) and his firm, the defendant Dinerstein &

Lesser, P.C. (hereinafter the defendants) in October 1998 to commence an action against his former employer, Oyster Bay Jewish Center (hereinafter OBJC), inter alia, to recover damages for breach of contract (hereinafter the OBJC litigation). The law firm of L'Abbate, Balkan, Colavita & Contini, LLP (hereinafter the L'Abbate Firm), represented OBJC in the OBJC litigation, and had no further contact with OBJC after the litigation was settled in March 2000.

The plaintiff also became involved in a dispute with his subsequent employer, the East Northport Jewish Center (hereinafter ENJC), which involved issues similar to those raised in the OBJC litigation (hereinafter the ENJC dispute). The defendants represented ENJC in the ENJC dispute.

The plaintiff then filed a grievance complaint against Dinerstein, alleging, among other things, that Dinerstein provided ENJC with confidential information obtained during his representation of the plaintiff in the OBJC litigation. Dinerstein retained the L'Abbate Firm to represent him in the grievance proceeding.

Thereafter, the plaintiff commenced this action against the defendants, alleging, inter alia, that he shared privileged conversations and confidential information with them during their representation of him in the OBJC litigation which they subsequently provided to ENJC. The L'Abbate Firm was retained to represent the defendants in this action.

The plaintiff then moved to disqualify the L'Abbate Firm, and the Supreme Court granted the motion. The Supreme Court found that the L'Abbate Firm had obtained confidential and privileged information about the plaintiff from the defendants which may give the defendants an unfair advantage at trial. We reverse.

It is well settled that a lawyer should preserve the confidences and secrets of a client (*see* Code of Professional Responsibility Canon 4) and avoid even the appearance of professional impropriety (*see* Code of Professional Responsibility Canon 9; *see also Cardinale v Golinello,* 43 NY2d 288 [1977]). Further, the duty to preserve client confidences and secrets continues even after representation ends (*see Solow v Grace & Co.,* 83 NY2d 303 [1994]; *Cardinale v Golinello, supra).* However, an attorney may reveal confidences and secrets to defend against an accusation of wrongful conduct (*see* Code of Professional Responsibility DR 4-101 [c] [4] [22 NYCRR 1200.19 (c) (4)]; *see also General Realty Assoc. v Walters,* 136 Misc 2d 1027 [1987]).

An attorney will be disqualified where the party seeking disqualification meets its burden of establishing a substantial

relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material subsequently related to the litigation (*see Glashow v Linden Towers Coop. #4,* 288 AD2d 257 [2001]; *Spano v Tawfik,* 271 AD2d 522 [2000]; *Kuberzig v Advanced Dermatology,* 260 AD2d 548 [1999]).

Here, the defendants are accused of wrongful conduct, and thus, are permitted to disclose confidential information to any attorney, including the L'Abbate Firm, in order to properly defend themselves in this action (*see* Code of Professional Responsibility DR 4-101 [c] [4] [22 NYCRR 1200.19 (c) (4)]; *see also General Realty Assoc. v Walters, supra).* Therefore, the Supreme Court should have denied the motion to disqualify the L'Abbate Firm.

The plaintiff's remaining contention is unpreserved for appellate review. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.