Patane v Tan (2020 NY Slip Op 06458)





Patane v Tan


2020 NY Slip Op 06458


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. . 805276/18 Appeal No. 12374N Case No. 2020-00985 

[*1]Patricia A. Patane et al., Plaintiffs-Respondents,
v
Mark Tan, M.D. et al., Defendants, Paul Chu, M.D. et al., Defendants-Appellants. 


Gibbons P.C., New York (Daniel S. Weinberger of counsel), for appellants.
Levine & Slavit, PLLC, New York (Ira S. Slavit of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 6, 2019, which, to the extent appealed from, denied the motion of defendants Paul Chu, M.D. and AmeriPath New York, LLC d/b/a Dermpath Diagnostics Pathology Associates to disqualify plaintiffs' counsel, Levine & Slavit PLLC, unanimously affirmed, without costs.
Although an associate at plaintiffs' law firm was previously an associate with the firm that currently represents Ameripath New York LLC, representing that defendant in multiple prior matters, and the parties' interests are now directly adverse, disqualification is not required here (see Becker v Perla, 125 AD3d 575 [1st Dept 2015]). The present and prior matters are not substantially related, with defendants failing to show that the issues in the matters are identical or essentially the same (see Lightning Park v Wise Lerman & Katz, 197 AD2d 52, 55 [1st Dept 1994]). Further, defendants fail to identify any material confidential information that the associate obtained from the defendants during the prior matters, referencing only generic legal documents and activities (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]). The associate left the defendants' counsels' firm a year before the alleged malpractice that forms the basis of this claim (see Bloom v St. Paul Travelers Cos., Inc., 24 AD3d 584, 585-586 [2d Dept 2005]), and the basis for liability against AmeriPath is limited in the pleadings to vicarious liability for the actions of its employee Paul Chu, M.D. (see Kuberzig v Advanced Dermatology, 260 AD2d 548 [2d Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020