| |
|---|
| **Zomongo.TV USA Inc. v Capital Advance Servs., LLC** |
| 2024 NY Slip Op 30508(U) |
| February 15, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512735/2021 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ZOMONGO.TV USA INC. D/B/A ZOMONGO.TV
USA, JOCELYNE LISA HUGHES-OSTROWSKI and
JEREMY GENE OSTROWSKI,

                          Plaintiffs,      Decision and order

        - against -                        Index No. 512735/2021

CAPITAL ADVANCE SERVICES, LLC,
                          Defendant,       February 15, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN              Motion Seq. #10 & #11


      The defendant has moved seeking to disqualify plaintiff's

counsel. The plaintiff has cross-moved seeking sanctions. The

motions have been opposed respectively. Papers were submitted by

the parties and arguments held. After reviewing all the

arguments this court now makes the following determination.

      As recorded in prior orders, the plaintiff, Zomongo, a

corporation involved in the advertising industry, entered into

two merchant cash agreements with the defendant. The first

agreement was dated February 12, 2018 whereby the defendant

purchased $449,700 of plaintiff's future receivables for

$300,000. The second agreement was dated April 11, 2018 whereby

the defendant purchased $861,925 of plaintiff's future

receivables for $575,000. The complaint alleges the defendant

failed to deliver the purchased amounts pursuant to the

agreements and improperly withdrew daily amounts in excess of the

amounts to which the parties agreed. On December 22, 2023 the

plaintiff filed a fourth proposed amended complaint and asserted

claims based upon RICO (18 U.S.C. §1962). The crux of the allegations assert that the defendant is really controlled by another entity called Yellowstone which is the parent company and which really loaned the funds to the plaintiffs. The defendants now assert that in 2017 ands 2018 the plaintiff's counsel worked as counsel on behalf of Yellowstone and represented Yellowstone while the contracts in this case were entered into between the parties. Thus, due to counsel's representation of Yellowstone at that time the defendant now seeks to disqualify that counsel. As noted the motion is opposed.

### Conclusions of Law

It is well settled that a party in a civil action maintains an important right to select counsel of its choosing and that such right may not be abridged without some overriding concern (Matter of Abrams, 62 NY2d 183, 476 NYS2d 494 [1984]). Therefore, the party seeking disqualification of an opposing party's counsel must present sufficient proof supporting that determination (Rovner v. Rantzer, 145 AD3d 1016, 44 NYS3d 172 [2d Dept., 2016]).

The former client conflict of interest rule is codified in the New York Rules of Professional Conduct, Rule 1.9 (22 NYCRR §1200.0 et. seq.). Specifically, Rule 1.9(a) provides: "a lawyer who has formerly represented a client in a matter shall not

2

thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client...." (id). Although a hearing may be necessary where a substantial issue of fact exists as to whether there is a conflict of interest (Olmoz v. Town of Fishkill, 258 AD2d 447, 684 NYS2d 611 [2d Dept., 1999]) mere conclusory assertions are insufficient to warrant a hearing (Legacy Builders/Developers Corp., v. Hollis Care Group, Inc., 162 AD3d 649, 80 NYS3d 59 [2d Dept., 2018]).

Thus, a party seeking disqualification of counsel must demonstrate that: (1) there was a prior attorney client relationship; (2) the matters involved in both representations are substantially related; and (3) the present interests of the attorney's past and present clients are materially adverse (Moray v. UFS Industries Inc., 156 AD3d 781, 67 NYS3d 256 [2d Dept., 2017]; see, also, Falk v. Chittenden, 11 NY3d 73, 862 NYS2d 869 [2008]; Jamaica Pub. Serv. Co. v. AIU Ins. Co., 92 NY2d 631, 684 NYS2d 459 [1998]). Once the moving party demonstrates that these three elements are satisfied "an "irrebuttable presumption of disqualification follows" (McCutchen v. 3 Princesses and A P Trust Dated February 3, 2004, 138 AD3d 1223, 29 NYS3d 611 [2d Dept., 2016]).

Thus, in interpreting the prior rule DR 5-108(A)(1) which is substantially the same in import, disqualification would be

3

[*3]

proper where it is established that there is a substantial relationship between the current litigation and the prior one (Kuberzig v. Advanced Dermatology, P.C., 260 AD2d 548, 688 NYS2d 596 [2d Dept., 1999]). Thus, concerning this substantial relationship prong, in Spano v. Tawfik, 271 AD2d 522, 705 NYS2d 659 [2d Dept., 2000], the court held disqualification improper where the plaintiff's attorney suing defendant for breach of contract once represented the defendant in a trademark infringement action when plaintiff and defendant were the sole shareholders of the corporation that settled that trademark action. The court noted there was insufficient evidence the matters were substantially related. Indeed, for the two matters to be viewed as substantially related they must be 'identical to' each other or 'essentially the same' (Lightning Park, Inc., v. Wise Lerman Katz, P.C., 197 AD2d 52, 609 NYS2d 904 [1st Dept., 1994]).

The parties concede that a similar motion to disqualify counsel was filed in an action in New York county and that the motion to disqualify there was denied. Indeed, in *Gateway International 360 v. Richmond Capital Group, et al.*, Index Number 654636/2018 the court held that the movants had failed to establish a "substantial relationship" between the counsel's work for Yellowstone and the funder in that case (see, Decision and Order [NYSCEF Doc. No. 236]). The defendant in this case argues

[*4]

that decision does not foreclose disqualification in this case because in that case the denial was based upon the fact the work performed for Yellowstone was not related to the claims of the lawsuit, however, in this case the work performed for Yellowstone consist of the claims sought to be introduced in the proposed amended complaint.

However, in order to demonstrate the prior and current representations are substantially related the movant must present facts supporting any disqualification. The case of Bloom v. St. Paul Travelers Companies Inc., 24 AD3d 584, 806 NYS2d 692 [2d Dept., 2005] is instructive. In that case the defendants moved to disqualify plaintiff's counsel on the grounds plaintiff's counsel previously represented the defendants. The court denied the request noting that defendants failed to meet their burden. The court explained that "the defendants' conclusory assertions that one of the Law Firm's attorneys 'worked closely with' certain unidentified employees of one or more of the defendants in connection with a number of cases that were more or less related to the general area of uninsured or underinsured motorist coverage failed to establish 'that information material to the evaluation, prosecution, settlement or accomplishment of the former representation[s] given [their] factual and legal issues [might] also [be] material to the evaluation, prosecution, settlement or accomplishment of the current representation given

5

[*5]

its factual and legal issues'" (id). The court further found that "not only is there no evidence that the legal issue at the heart of the present action is 'essentially the same as' any of the various legal issues with respect to which the Law Firm's attorneys provided legal counsel to the defendants in the past...but the defendants failed to demonstrate that the present representation is 'substantially related' to the prior representation in *any* way" (id).

In this action, the defendants do not explain how any prior representations of plaintiff's counsel are substantially similar to this action to demand disqualification. It is true that prior matters where counsel represented Yellowstone involved merchant cash funding, however, other than that generalization, there is no specific evidence the matters are related at all. Merely because this action concerns a merchant cash funder and the previous matters also involved merchant cash funders does not mean the cases are related without any evidence demonstrating the similarities (see, Reem Contracting Corp., v. Resnick Murray St. Associates, 43 AD3d 369, 843 NYS2d 3 [1st Dept., 2007]). Thus, there is no evidence the issues in this litigation are identical to or essentially the same as the prior representations. There is further no evidence the plaintiff's counsel received "specific, confidential information substantially related to the present litigation" (see, Sgromo v. St. Joseph's Hospital Health

[*6]

Center, 245 AD2d 1096, 666 NYS2d 89 [4th Dept., 1997]).

Therefore, based on the foregoing, the motion seeking disqualification is denied. The cross-motion seeking sanctions is denied.

So ordered.

ENTER:

DATED: February 15, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

[*7]